CV 07 0418

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------X

**THELMA HIGUEROS, on behalf of herself and**
**as class representative of all those similarly situated;**

**Plaintiff,**

- against-

**NEW YORK STATE CATHOLIC HEALTH PLAN, INC.**
**d/b/a FIDELIS CARE, INC.;**

**Defendant.**

--------------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ JAN 3 0 2007 ★

**COMPLAINT** LONG ISLAND OFFICE

**Index No.:** SPATT, J.

BOYLE, M.

**CLASS ACTION**
*Jury Trial Demanded*

Plaintiff, **THELMA HIGUEROS**, on behalf of herself and as class representative of all other

former and current employees similarly situated, by and through her attorneys FRANK &

ASSOCIATES, P.C., complains and alleges as follows:

## Summary of Claims

Defendant failed to pay non-exempt employee Plaintiffs overtime wages they are entitled

in violation of Federal and State law. When Plaintiffs complained about this violation, failure

and/or refusal to pay entitled overtime wages, Defendant terminated Plaintiffs in retaliation in

violation of Federal and State law.

## PRELIMINARY STATEMENT

1.   Plaintiff, Thelma Higueros (herein "Plaintiff" or "Ms. Higueros") brings this action, on

behalf of herself and those similarly situated as a Class, seeking monetary and punitive

damages, declaratory and affirmative relief to redress the deprivation of rights secured to

Plaintiff and Class based upon Defendant's violation of the Fair Labor Standards Act of

1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 & 216. *et. seq.*, New York State Labor Law, N.Y. LAB. Law §§ 190, 215 & 650 (Article 19), *et. esq.*, 12 NYCRR §137- 142-2.2, the New York Minimum Wage Act and other appropriate rules, regulations, statutes and ordinances (collectively "New York Labor Laws") and as a Class pursuant to 28 U.S.C. § 1332(d), Fed. Rule. Civ. Proc. 23 (a), (b)(2), (b)(3), New York Civil Practice Law and Rules ("C.P.L.R.") § 901 and Article 9 of the same for relief to entitled Plaintiffs for Defendant's refusal to pay non-exempt employee Plaintiffs a rate of not less than one and one-half (1 ½) times the regular rate for all hours worked over forty (40) hours per week and the subsequent retaliation, termination and/or demotion of Plaintiffs in violation of the applicable law(s).

2.     More specifically, this Complaint alleges that by willfully failing, refusing or neglecting to pay Plaintiffs overtime pay at a rate of not less than one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week, Defendant violated the FLSA and New York State Labor Laws. Defendant's failure to pay overtime was willful. Defendant knew that it was/is in violation of the Labor Laws when they failed to pay non-exempt employee Plaintiffs overtime wages pursuant to both Federal and State Laws. Plaintiffs repeatedly complained about non-payment of overtime violations. Defendant then unlawfully retaliated against Plaintiffs by terminating Plaintiffs in violation of applicable Federal and State law. As such Plaintiffs are entitled to actual and liquidated damages (100%), injunctive and declaratory relief. reasonable attorney's fees and costs pursuant to the applicable laws.

2

## JURISDICTION AND VENUE

3.   This Court has federal question and subject matter jurisdiction over this action pursuant
     to 28 U.S.C. § 1331 in that this action arises under Section 16 (b) of FLSA, 29 U.S.C. §
     201 & 216 (b) *et. seq.* This Court has jurisdiction over the State law claims in this action
     as Pendant Jurisdiction. This Court further has original jurisdiction over the State law
     claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because,
     based on information and belief, this is a Class Action in which (1) there are more than
     100 members in the named Plaintiff's proposed class; (2) at least some of the members of
     the proposed class have a different citizenship from Defendant; and (3) the claims of the
     proposed members exceed five million dollars in the aggregate. This Court also has
     supplemental jurisdiction over the state law wage and hour and retaliation claim pursuant
     to 28 U.S.C. §1367.

4.   This court has federal question and subject matter jurisdiction over this action pursuant to
     29 U.S.C. § 216(b) and 28 U.S.C.§ 1337.

5.   This action properly lies in the U.S. District Court for the Eastern District of New York,
     pursuant to 28 U.S.C. § 1391 because the unlawful discriminatory conduct alleged herein
     occurred primarily and substantially within the County of Queens in the State of New
     York. This action properly lies in the U.S. District Court for the Eastern District of New
     York Pursuant to C.P.L.R. § § 301 & 503 because defendant conducts business therein.
     Defendant maintains an address, a business office, refers to said location on their website

3

and conducts a large portion of their business within the County of Queens. Defendant resides in Queens County as listed with the Department of State, State of New York.

6. This court has power to issue declaratory relief and other rationally related relief pursuant to 28 U.S.C. §§ 2201 & 2202 and applicable state and local laws, rules and regulations.

## PARTIES

7. Numerous Class Plaintiffs, including **THELMA HIGUEROS**, are former and/or present employees, employed by **FIDELIS CARE, INC.**, ("Defendant") preceding the filing of this Complaint through present, who were not paid overtime pay at a rate of not less than one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week as required by the FLSA, 29 U.S.C. § 207 and applicable New York State Labor Laws. Plaintiff(s) are non-exempt employees who worked hours in excess of forty hours per week and at times in excess of eight hours per day without receiving overtime compensation as required by both New York State and Federal Law. Plaintiff and Class were/are Marketing and Sales Representatives for Defendant at all times relevant hereto. Defendants improperly classified Plaintiff and Class as exempt employees. The Class' territory and jurisdiction included Nassau and Suffolk County.

8. Upon information and belief, at all times relevant, Defendant is a domestic business corporation organized and existing under the laws of the State of New York and is qualified and authorized to do business in the County of Queens which it does.

9. Upon information and belief, Defendant is doing business in the County of Queens at 95-25 Queens Boulevard, Rego Park, New York 11374.

4

10.     At all times relevant, Defendant is or was the "employer" of the Plaintiff(s) and others
        similarly situated in an industry affecting commerce within the meaning of 29 U.S.C. §
        203(d) and New York Labor Law §190 (3) and § 651.

11.     At all times relevant, Plaintiffs and others similarly situated are or were "employees"
        within the meaning of 29 U.S.C. § 203(e) (1) and N.Y. LAB. Law § 190(2).  Plaintiff is a
        resident of the State of New York.

12.     At all times relevant, Plaintiffs and others similarly situated are or were "non-exempt"
        employees within the meaning of 29 U.S.C. § 213(A) (1) and the New York State Labor
        Law entitled to overtime pay.

13.     At all times relevant, Plaintiffs and others similarly situated are or were "persons" within
        the meaning of 29 U.S.C. § 203(a).

14.     At all times relevant, Defendant employed more than fifty (50) employees.

## CLASS ACTION

15.     This Class Action is brought pursuant to Fed R. Civ. P. 23 (a), (b)(2), (b)(3) and C.P.L.R.
        Article 9 § 901 on behalf of the Class of which the precise number of the individuals in
        the class are known only to the Defendant.    Plaintiff is informed and believes, and on
        that basis alleges, the defendant has employed at least one hundred (100) persons who
        satisfy the definition of the Class.  Joinder is impracticable at this time due to the
        numerous potential Class known to Defendant.

16.     There are questions of law and fact common to the class which predominate over any
        questions affecting only individual members, specifically: a) Whether the employment of

5

non-exempt employee Plaintiffs by the Defendant is subject to the jurisdiction and the wage and overtime requirements of the FLSA and New York State Labor Laws;  b) Whether Plaintiff(s) was/were improperly classified as (an) exempt employee(s) and whether said individuals are entitled to overtime pursuant to the FLSA and New York State Labor Laws;  c) Whether defendant's policy and practice of classifying non-exempt employee Plaintiffs as exempt from overtime entitlement and failure to pay overtime under New York State Law and the FLSA violates applicable provisions of New York law and FLSA including applicable statutory and regulatory authority;  d) Whether Class representative was terminated, constructively or otherwise, demoted or coerced to resign in retaliation for her repeated complaints to Defendant about non-payment of overtime to her and other similarly situated employees who were entitled to overtime as non-exempt employees.  e) Only the amount of individual damages, punitive or otherwise, sustained by each class member will vary.

17. Defendant has acted or refused to act on grounds generally applicable to the class with respect to the claims set forth in this Complaint, thereby making Plaintiff, **THELMA HIGUEROS** similarly situated to the other non-exempt Marketing Representative employees currently or formerly employed by Defendant that are entitled to overtime compensation with statutory interest.

18. Plaintiff, **THELMA HIGUEROS**, will fairly and adequately protect the interests of the Class.

19. A collective action pursuant to FLSA § 216(b) and C.P.L.R. § 901 is superior to other methods of adjudicating the claims that are described herein, based upon the following

6

reasons: (a) Many of the class members are unaware of their rights to prosecute these
claims and lack the means or resources to secure legal assistance;  (b) Defendant resides
and/or maintains its principal place of business within this District, the County of
Queens; (c) Upon information and belief, the majority of Class members reside within
this District;  (d) A collective action can be managed without undue delay or difficulty
because Defendant has continuously committed the violations complained of herein and
is required to maintain detailed records concerning the wages paid to each member of the
class; and  (e) efficient utilization of judicial and legal resources.

## FACTS

Ms. Higueros was employed by Defendant from March 11, 2003 through her unlawful
termination on December 16, 2005. The Class' primary job duties and responsibilities were
to facilitate the enrollment of eligible individuals, families and children into New York State
health care programs (Medicaid, Family Health Plus, and Child Health Plus) in Suffolk and
Nassau County at work sites, home visits and at community outreach events; Open and
manage new accounts with physician offices and churches that then served as enrollment and
information sites; Promoted and organized Defendant health care programs;  Administrative
and customer service performed 7 days a week from 7am to 11pm; Provided assistance and
advocacy for enrollees by helping complete applications, meet deadlines and acquire health
insurance and information packets; and  Assisted in filing for reconsideration when
appropriate, renewal and re-activation of benefits.

7

Statistically Ms. Higueros was one of the top ranked Representatives in her region.
Individual Class members regularly worked in excess of forty (40) hours per week. Ms.
Higueros and others often worked up to eighty (80) hours per week over seven days a week.
Throughout the term of Higueros' employment, Defendant failed to compensate her and
others, even though they are non-exempt employees, with due overtime pay for time worked
in excess of forty (40) hours per week at a rate of at least one and one-half (1½) times his
regular hourly rate. Higueros' repeated complaints about the non-payment of statutorily
required overtime and Defendant's failure to cure the situation caused Defendant to retaliate
and unlawfully terminate Plaintiff on or about December 16, 2005.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Violation of FLSA - Class Action – Failure to Pay Overtime)

20.     Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if
        fully set forth herein.

21.     At all times relevant herein, Plaintiff(s) were employed by Defendant. Plaintiffs are all
        "non-exempt" employees eligible and entitled to receive overtime wage at time and ½.

22.     Non-exempt employee Plaintiffs regularly performed work for Defendant in excess of
        forty (40) hours per week.

8

23. Defendant failed, refused and/or neglected to pay non-exempt employee Plaintiffs overtime compensation at a rate of not less than one and one-half (1 ½) times the regular rate for all hours worked over forty (40) hours per week in violation of the FLSA.

24. The Defendant's failure to make overtime payments was willful within the meaning of the FLSA and is therefore required to pay Plaintiffs unpaid overtime for a three (3) year period preceding the commencement of this action through the date of judgment. 29 U.S.C. § 216(b).

25. Defendant's acts and/or omissions in failing, refusing or neglecting to pay Plaintiffs overtime compensation were not made in good faith. Defendant is therefore required to pay Plaintiff 100% liquidated and punitive damages.

26. Accordingly, pursuant to the FLSA, 29 U.S.C. §§ 207 and 216, Defendant is liable to Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of not less than one and one-half (1 ½) times the regular rate for all hours worked over forty (40) hours per week for the three (3) years preceding the commencement of this action through the date of judgment; (b) an equal amount of (100%) liquidated and punitive damages; and (c) reasonable attorneys fees, court costs and disbursements incurred in this action.

9

**SECOND CLAIM FOR RELIEF**

(Violation of FLSA - Retaliatory Termination For Complaints)

27.     Plaintiff repeats and re-alleges each and every allegation contained in this Complaint as if
        fully set forth herein.

28.     Defendant discriminated against Plaintiff, in violation of the FLSA, 29 U.S.C. §
        215(a)(3), by retaliating, terminating and/or demoting her, after Plaintiff complained to
        Defendant Management about non-payment of overtime as required by the FLSA.

29.     As a result of Defendant's discriminatory conduct, Defendant is liable to Plaintiffs for: (a)
        reimbursement of lost wages; (b) reinstatement, to the jobs Plaintiffs held prior to the
        unlawful termination or demotion, under the same terms and conditions as they
        previously enjoyed; (c) an equal amount of liquidated and punitive damages; and (d)
        reasonable attorneys fees, costs and disbursements incurred in this action.


**THIRD CLAIM FOR RELIEF**

(Violation of New York State Labor Law - Class Action as To Non-Payment of Overtime)

30.     Plaintiff(s) repeat and re-allege each and every allegation contained in this Complaint as
        if fully set forth herein.

31.     At all times relevant, non-exempt employee Plaintiffs were employed by Defendant.

32.     Plaintiffs, included in the class, regularly performed work for Defendant in excess of forty
        (40) hours per week.

33.     Defendant failed, refused and/or neglected to pay Class Plaintiffs overtime compensation
        at a rate of not less than one and one-half (1 ½) times the regular rate for all hours
        worked over forty (40) hours per week in violation of the New York State Labor Law.

10

(New York State Minimum Wage Act, New York Labor Law §650 *et esq.*, the Wage Payment Act, New York Labor Law §190 *et esq.* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142 -- together "the New York Labor Laws")

34.    Defendant failed, refused and/or neglected to reimburse Plaintiffs for certain cost incurred as a result of employment with Defendant which benefited Defendant.

35.    Defendant's failure to make overtime payments was willful within the meaning of the NYS Labor Law.

36.    Accordingly, pursuant to the NYS Labor Law, Defendant is liable to Plaintiffs for the following: (a) actual damages for unpaid overtimes wages calculated at the rate of not less than one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week for the six (6) years preceding the commencement of this action through the date of judgment pursuant to N.Y. LAB. Law § 198(3); (b) liquidated damages in the amount of twenty-five percent (25%) of the total amount due pursuant to N.Y. LAB. Law § 198; and (c) reasonable attorney's fees, court costs and disbursements incurred in this action. Defendant violated §190 of the NYS Labor Law by employing Plaintiff for more than forty (40) work hours a week while failing to compensate Plaintiff at a rate of at least one and one-half (1-½) times his regular hourly rate.  Defendant knew or should have known his failure to compensate Plaintiff violated NYS Labor Law. Defendant failed or refused to compensate Plaintiff in accordance with law.  As a result of the underpayment of wages, Plaintiff has incurred damages for unpaid overtime compensation in an amount to be determined at trial.

11

## FOURTH CLAIM FOR RELIEF

(Violation of New York State Labor Law - § 215 – Retaliation against Class representative)

37.     Plaintiff(s) repeat and re-allege each and every allegation contained in this Complaint as
        if fully set forth herein.

38.     Defendant retaliated, terminated Plaintiff, in violation of the NYS Labor Law, N.Y. LAB.
        Law § 215 after non-exempt employee Class representative continuously made
        complaints to Defendant specifically but not limited too complaints for payment of
        overtime she and others were entitled to as non-exempt employees.  Based on information
        and belief said complaints were made contemporaneous to the termination of Higueros'
        employment.

39.     As a result, Defendant is liable to Plaintiff for: (a) reinstatement to the jobs Plaintiffs held
        prior to the unlawful termination or demotion, under the same terms and conditions as
        they previously enjoyed; (b) lost benefits from the date of Defendant's unlawful actions; (
        c) liquidated damages in the amount of twenty-five percent (25%) of the total amount due
        Plaintiffs pursuant to N.Y. LAB. Law § 198; and (d) reasonable attorney's fees, court
        costs and disbursements incurred in this action.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

40.     Plaintiff(s) repeats and re-alleges each and every allegation contained herein.

41.     Plaintiff(s) demands a trial by jury.

42.     The Complaint herein satisfies the requirements of the Fed. Rules of Civ. Proc. 23 and
        C.P.L.R. § 901 *et esq.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, named Plaintiff on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

a.    Designation of this action as a collective action for all claims brought under the FLSA, FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216 (b) to all similarly situated members of the FSLA Opt-In Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216 (b);  Declaring this a class action on behalf of Plaintiffs; Designating Plaintiff as Class representative;

b.    Declaring Defendant willfully violated the aforementioned statute;

c.    A permanent injunction enjoining Defendant, its agents, employees, officers and successors in interest and those acting in concert with Defendant, from continuing to engage in the illegal and unlawful, policies and practices described herein;

d.    With regards to the **First Claim for Relief**: (a) unpaid overtimes wages calculated at the rate of not less than one and one-half (1 ½) times the regular rate for all hours worked over forty (40) hours per week for the three (3) years preceding the commencement of this action through the date of judgment; (b) am equal amount of (100%) liquidated and punitive damages as provided by statute; and (c) reasonable attorneys fees, court costs and disbursements incurred in this action in an amount to be determined at trial.

13

e.  With regards to the **Second Claim for Relief**: (a) reimbursement of lost wages; (b) reinstatement, to the jobs Plaintiffs held prior to the unlawful termination or demotion, under the same terms and conditions as they previously enjoyed; (c) an equal amount of liquidated and punitive damages as provided by statute; and (d) reasonable attorneys fees, court costs and disbursements incurred in this action in an amount to be determined at trial.

f.  With regards to the **Third Claim for Relief**: (a) reimbursement of lost wages; (b) reinstatement, to the jobs Plaintiffs held prior to the unlawful termination or demotion, under the same terms and conditions as they previously enjoyed; (c) an equal amount of (100%) liquidated and punitive damages as provided by statute; and (d) reasonable attorneys fees, court costs and disbursements incurred in this action in an amount to be determined at trial.

g.  With regards to the **Fourth Claim for Relief**: (a) reimbursement of lost wages; (b) reinstatement, to the jobs Plaintiffs held prior to the unlawful termination or demotion, under the same terms and conditions as they previously enjoyed; (c) an equal amount of liquidated and punitive damages as provided by statute; and (d) reasonable attorneys fees, court costs and disbursements incurred in this action in an amount to be determined at trial.

h.  With regard to all claims for relief, Defendant be ordered to pay Plaintiff pre and post judgment interest;

i.  restitution and/or disgorgement of profits;

j.  For such other and further relief as this Court may deem just and proper.

14

Dated: Farmingdale, New York
         January 19, 2007

                                                 FRANK & ASSOCIATES, P.C.
                                                 Attorneys for Plaintiff

                                               By: _____

                                                  Neil M. Frank (0521)
                                                  500 Bi-County Blvd. Suite 112N
                                                  Farmingdale, NY 11735
                                                  (631) 756-0400

## VERIFICATION

STATE OF NEW YORK     }
                      } ss:
COUNTY OF SUFFOLK     }

I, THELMA HIGUEROS, being duly sworn, deposes and says:  I am the plaintiff in the above-entitled action; I have read the foregoing Complaint and know the contents thereof, and same are true to my own knowledge, except for the matters herein to be alleged upon information and belief, and as to those matters, I believe it to be true.

THELMA HIGUEROS

Sworn to before me this
19th day of January, 2007,

Notary Public

JENNIFER L. MAZZO
Notary Public, State of New York
No. 01MA6135554
Qualified in Nassau County
My Commission Expires October 24, 2009