UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THELMA HIGUEROS, on behalf of herself,  :
and as class representative of all those
similarly situated,                      :

                            Plaintiffs,   :       No. 07 Civ. 0418 (ADS)(ETB)

                                 :

   -against-                                :

NEW YORK STATE CATHOLIC                  :
HEALTH PLAN, INC.,
d/b/a FIDELIS CARE, INC,                  :

                             :

                 Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff's Opposition to Fidelis' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) demonstrates that no claims remain for adjudication in this action. Plaintiff has admitted that Fidelis has offered her all she could ever hope to recover on her FLSA claims. As a result, and because she has failed to state a claim upon which relief may be granted as to her retaliation claims, her Complaint must be dismissed.

Higueros has admitted in her opposition papers that her claim is valued at far less than the amount she originally asserted in her Complaint (*See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"), p. 3). Indeed, she admits that, at most, Fidelis owes her $35,000 -- when applying the maximum statute of limitations and penalties, that results in an amount no more than $70,000, exclusive of interest, costs and reasonable attorneys' fees. In its Offer of Judgment, Fidelis offered Higueros $75,000 -- at least $5,000 more than the claimed maximum amount of $70,000 that she calculates, plus

1

interest, costs, and reasonable fees.

Higueros suggests that the approximate $6,000 discrepancy between what she claims and what Fidelis has offered is somehow to her detriment.  However, as clearly explained in Fidelis' initial Memorandum, the $6,000 discrepancy ($12,000 when doubled to account for liquidated damages) is a discrepancy in <u>her</u> favor.  In other words, the $75,000 Offer of Judgment is $12,000 <u>more</u> than what Higueros, by her own calculations and statements under oath, is entitled (*See* Declaration of Jennifer B. Rubin, dated October 31, 2007 ("Rubin Dec."), ¶ 9).

Higueros has failed to accept the Offer of Judgment at peril to her claim here because there is no doubt that she has been offered far more than she can hope to recover in this action.

## ARGUMENT

Higueros suggests that Fidelis' motion is premature.  Pursuant to applicable precedent in this District, Fidelis moved to dismiss immediately upon the expiration of the Offer of Judgment. *See Ward v. Bank of New York*, 455 F. Supp. 2d 262, 270 (S.D.N.Y. 2006); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-Civ-0468, 2006 WL 3314624, at *3 (E.D.N.Y. Nov. 14, 2006); (*see also* Rubin Dec., ¶ 19, Ex. I).  The concept of "prematurity" is inapplicable to non-justiciable cases -- if no facts exist for trial, the case must be dismissed, no matter the point in the litigation at which such issues arise.

Higueros concedes, as she must, that no other class members exist at this time.  As a result, there is no precedent of which Fidelis is aware that would preclude the dismissal of this case at this time.  In fact, where an offer of judgment is made and either expires or is rejected before any other plaintiffs join a collective or class action, the named plaintiff's claim is subject to dismissal because that named plaintiff no longer has a legally cognizable interest or personal stake in the litigation.  *See Briggs*, 2006 WL 3314624, at *3 (plaintiff's wage claims moot

because the defendant offered all that the plaintiff "could hope to recover through litigation" prior to joinder of other class members); *Darboe v. Goodwill Indus. of Greater NY & Northern NJ, Inc.*, 485 F. Supp. 2d 221, 222 (E.D.N.Y. 2007) (defendant's offer of full damages in FLSA collective action overtime case, even though rejected, rendered case moot and subject to dismissal where no other parties opted into action); *compare Yeboah v. Central Parking Systems*, 06 Civ 0128 (RJD)(JMA), 2007 WL 3232509, at *4-5 (E.D.N.Y. Nov. 1, 2007) (Dearie, J.) (while the opting-in of even a single plaintiff prevents an offer of judgment from mooting a plaintiff's collective action complaint, the "lone plaintiff's putative FLSA collective action" may be mooted by an offer of judgment that satisfies all of plaintiff's damages) (attached hereto as Exhibit A) *with Rubery v. Buth-Na-Bodhaigue, Inc.*, 494 F. Supp. 2d. 178, 180 (W.D.N.Y. Jul. 2, 2007) (where fifty additional plaintiffs opted into the collective action, offer of judgment was insufficient to moot the named plaintiff's claims).

Higueros also suggests to the Court that Fidelis has somehow impeded her efforts to take class discovery.  Fidelis has done nothing other than to cooperate completely with all of the discovery requests that Higueros served upon it, and has brought its discovery issues to the Court as it is entitled to do.  Class discovery commenced on May 18, 2007 and concludes next week. Six months certainly is an ample amount of time within which to complete discovery as to only one phase of this case, yet Higueros has failed to take a single deposition.  It seems that Higueros' true complaint is that no other class members have opted in.  There is no question, however, that such opportunity has existed since January of this year.  Moreover, even though Higueros accurately describes the date that Fidelis served the Offer of Judgment (October 8, 2007) and the date Plaintiff filed her motion to conditionally certify a class (October 15, 2007) (Plaintiff's Opposition, p. 3), Plaintiff states that Fidelis served the Offer of Judgment "while

pending decision on certification" (Plaintiff's Opposition, p. 10). This is inaccurate. The certification motion has not been fully briefed and is not yet *sub judice*.

Finally, as explained in its moving Memorandum, Fidelis timely moved to dismiss Higueros' Federal and state retaliation claims because she failed to state a claim for which relief may be granted. Indeed, Higueros did not even purport to raise a good faith opposition to Fidelis' motion to dismiss the retaliation claims. While Plaintiff may "believe" that she was terminated as retaliation, Federal law requires more than "beliefs" -- Federal law requires facts. As set forth in more detail in Fidelis' motion to dismiss Higueros' retaliation claims, Higueros has failed to plead such facts in her Complaint.

## CONCLUSION

Fidelis' offer of far more than full payment on her claims deprives Higueros of her personal stake in this action. In accordance with the established precedent of this Circuit, the Court should dismiss Plaintiff's Complaint in its entirety.

Dated: November 20, 2007
       New York, New York

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.

By: _____
    Jennifer B. Rubin, Esq. (JR-3321)
    Jennifer F. DiMarco (JD-9146)
    The Chrysler Center
    666 Third Avenue
    New York, New York 10017
    (212) 935-3000
    fax (212) 983-3115

*Attorneys for Defendant*
*New York State Catholic Health Plan, Inc.*
*(d/b/a Fidelis Care)*

4193605v.1

# EXHIBIT A

Westlaw.

Slip Copy
Slip Copy, 2007 WL 3232509 (E.D.N.Y.)
(Cite as: Slip Copy)

Page 1

Yeboah v. Central Parking Systems
E.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. New York.
Richard YEBOAH, Individually and on Behalf of
All Other Persons Similarly Situated, Plaintiffs,
v.
CENTRAL PARKING SYSTEMS, Defendant.
No. 06 CV 0128(RJD)(JMA).

Nov. 1, 2007.

Bradley Ian Berger, Berger & Associates, Fran L.
Rudich, Law Offices of Gene Locks, PLLC, Jeffrey
M. Gottlieb, Seth R. Lesser, Locks Law Firm, PLLC,
New York, NY, for Plaintiffs.
Edward Copeland, Brown Raysman Millstein Felder
& Steiner LLP, New York, NY, John F. Wymer, III,
Michael Eric Ross, Ryan S. Ferber, King & Spalding
LLP, Atlanta, GA, for Defendant.

## MEMORANDUM & ORDER

DEARIE, Chief Judge.

*1 Plaintiff Richard Yeboah (now Richard Yeboah
Okyere) brings suit against defendant Central Parking
System of New York, Inc. ("CPNY") [FN1] pursuant to
the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
§ 201 et seq. and the New York Labor Law § § 650
et. seq. ("NYLL"). Alleging that CPNY willfully
failed to pay him overtime wages in violation of
FLSA and the NYLL, and that it violated FLSA's
record-keeping requirements, plaintiff seeks back
pay, liquidated and punitive damages, interest, costs,
and attorneys' fees, as well as declaratory and
injunctive relief. Plaintiff proposes to pursue his
FLSA claim as an opt-in class action pursuant to 29
U.S.C. § 216 and his state law claim as an opt-out
class action pursuant to Fed.R.Civ.P. 23. Defendant
moves to dismiss the complaint for lack of subject
matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).
For the reasons explained below, defendant's motion
is denied.

> FN1. Although the complaint misstates
> defendant's company name, the Court
> assumes plaintiff intended to name his
> employer.

## BACKGROUND

Plaintiff has been employed by CPNY, an operator of
parking garages, since May 20, 1999, serving as a
parking attendant and assistant manager. 1st Albizu
Aff. ¶ 6. He claims that CPNY wrongfully classified
him as "exempt" for FLSA purposes. Pl.'s Mem.
Opp'n Mot. Dismiss ("PL's Mem.") 1. On this basis,
plaintiff claims, CPNY unlawfully failed to pay him
overtime wages, even though he worked more than
eight hours per day and/or forty hours per
week.[FN2] Compl. ¶ 25. Plaintiff claims further that
CPNY failed to maintain adequate time records or to
provide its employees with adequate notice of their
rights.Id. ¶ 28.

> FN2. Defendant acknowledges that between
> May 16, 2002 and December 4, 2004,
> plaintiff was classified as "exempt" for
> purposes of the FLSA and NYLL and
> received no overtime pay. 1st Albizu Aff. ¶
> ¶ 7-8. Throughout this period, plaintiff
> received a weekly salary of approximately
> $500. Id. ¶ 8. On December 4, 2004,
> plaintiff was reclassified as non-exempt. Id.
> ¶ 9. He continues to be employed by CPNY
> as a non-exempt employee. Id. ¶ 10.

With both his federal and state law claims, plaintiff
proposes to represent classes of similarly situated
CPNY employees. He describes the FLSA class,
whose membership he estimates at 20,000 persons, as
consisting of individuals employed by CPNY since
January 11, 2003 who were non-exempt for FLSA
purposes but were not paid overtime for working
hours in excess of eight per day and/or forty per
week. Id. ¶ ¶ 8-9.He likewise describes the NYLL
class, whose membership he estimates at 2000, as
consisting of persons employed by CPNY since
January 11, 2000 who were non-exempt and
wrongfully denied overtime wages. Id. ¶ ¶ 15-
16.Plaintiff has not yet moved for class certification
on either claim. One individual, Collins Ofori, has
filed a notice of consent to participate in plaintiff's
putative FLSA class action. Pl.'s Letter of Aug. 27,
2007.

On February 13, 2007, pursuant to Fed.R.Civ.P. 68,
CPNY offered to pay plaintiff $13,000 in satisfaction
of his claims. Rudich Decl. Ex. B. Plaintiff did not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

accept this offer within ten days, and on February 23, 2007, in accordance with Rule 68, the offer was deemed withdrawn. Ferber Aff. ¶ 4. Defendant now claims that its offer exceeded plaintiff's maximum recovery under FLSA; that because plaintiff rejected this offer, the Court should dismiss plaintiff's federal claim as moot; and that, having dismissed plaintiff's federal claim, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claim.

## DISCUSSION

*2 On a motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the Court must "accept as true all material factual allegations in the complaint," but "argumentative inferences favorable to the party asserting jurisdiction should not be drawn."*Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). In deciding such a motion, the Court is free to consider materials beyond the pleadings.*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000)."A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."*Id.*

Because Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies, subject matter jurisdiction does not exist where a plaintiff's claims are moot. *Fox v. Bd. of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir.1994)."A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when 'the parties lack a legally cognizable interest in the outcome.'"*Id.* (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). The required interest has also been described as a "personal stake" in the litigation. *Id.*

Fed.R.Civ.P. 68, whose purpose is "to encourage settlement and avoid litigation,"*Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or the property or to the effect specified in the offer, with costs then accrued."Where a defendant offers a plaintiff all he could possibly recover, the plaintiff no longer has a personal stake in the litigation, the case is moot, and subject matter jurisdiction is destroyed, since "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule claims which

defendant has ... satisfied."*Abrams v. Interco, Inc.*, 719 F.2d 23, 32 (2d Cir.1983).

Plaintiff invokes 29 U.S.C. § 207(a)(1), which requires that all employees covered by FLSA receive overtime pay of at least one and one-half times their regular wages for any hours they work in excess of forty hours per week. The statute empowers employees whose employers wrongfully fail to pay them overtime wages to recover unpaid wages and liquidated damages. 29 U.S.C. § 216(b). FLSA incorporates a collective action mechanism, as well, which permits employees to sue to recover overtime pay on behalf of themselves and other "similarly situated" employees. *Id.* In order to demonstrate that other employees were "similarly situated," during the preliminary stages of a FLSA litigation, plaintiffs need only "mak[e] a modest showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."*Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997) (authorizing class notice where plaintiffs made the required "modest showing").*See also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y.2007) (same); *Trinidad v. Breakaway Courier Sys., Inc.*, No. 05 Civ. 4116, 2007 U.S. Dist. LEXIS 2914, at *6 (S.D.N.Y. Jan. 12, 2007) (same); *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038, 2006 U.S. Dist. LEXIS 60457, at *3 (E.D.N.Y. Aug. 22, 2006) (same).

*3 The application of Fed.R.Civ.P. 68 in the FLSA context raises pragmatic concerns, including the danger that defendants will "provid[e] an offer of judgment to the initial plaintiff in a FLSA collective action in order to bar the case from proceeding as to all similarly situated plaintiffs," which, as one district court has observed, would "violate[ ] the very policies behind the FLSA."*Reyes v. Carnival Corp.*, No. 04-21861, 2005 U.S. Dist. LEXIS 11948, at *9-10 (S.D.Fla. May 25, 2005). The Supreme Court has remarked on the importance of guarding against this danger in the related context of Rule 23 class actions; "Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions ...."*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).*See also Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir.2004) ("[A]llowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[Rule 23] class action procedure, and frustrate the objectives of this procedural mechanism ...."); *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y.2003) ("[O]ffers of judgment made to named representatives immediately after putative [Rule 23] class actions are filed often are thinly-veiled efforts to 'pick off the putative class representative.").

Defendant objects to plaintiff's citation to *Roper*, *Weiss*, and other decisions in the Rule 23 context. These cases are inapposite, defendant insists, since permitting a Rule 68 offer to moot a FLSA plaintiff's claim does not risk prejudice to absent class members, as it does in the Rule 23 context, where any judgment binds all class members save those who have opted out. Def.'s Reply Mem. 6-8. However, even if defendants are correct that permitting defendants to "pick off" individual FLSA plaintiffs presents no danger of prejudicing absent class members, as it would in the Rule 23 context, the *Roper* Court described at least two other dangers. First, as noted above, the Court declared that permitting such "pick-offs" "obviously would frustrate the objectives of class actions"-that is, enabling plaintiffs to redress wrongs even "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages ...."445 U.S. at 339. Second, the Court observed that permitting pick-offs "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement."*Id.* Both dangers appear to exist in the FLSA context, as well.

Thus, "where no other similarly situated individuals have opted in and the offer of judgment satisfies all damages of the plaintiff, plus all costs and attorney's fees ... courts have held that a Rule 68 offer of judgment moots an FLSA class action thereby depriving the court of subject matter jurisdiction."*Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 U.S. Dist. LEXIS 82891, at *6-7 (E.D.N.Y. Nov. 14, 2006) (citing, *inter alia*, *Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y.2006); *Vogel v. Am. Kiosk Mgmt.*, 371 F.Supp.2d 122 (D.Conn.2005)).*Cf. Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y.2000) ("If a named representative's claim becomes moot before [Rule 23] class certification, the entire case is to be dismissed for lack of subject matter jurisdiction."). But where similarly situated individuals have "opted in," courts have refused to permit defendants to moot putative FLSA collective actions via Rule 68. *See, e.g., Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F.Supp.2d 178, 180 (W.D.N.Y.2007) ("[D]ismissal on mootness grounds is not appropriate where the offer fails to satisfy all damages for all plaintiffs, such as where the amount owed to the plaintiff is in dispute, or where additional plaintiffs have opted in and not been extended offers of judgment.") (internal quotation marks and citation omitted). Courts have taken this approach even where as few as two opt-in plaintiffs have come forward. *See, e.g., Reyes*, 2005 U.S. Dist. LEXIS 11948, at *9; *Reed v. TJX Cos., Inc.*, No. 04 C 1247, 2004 U.S. Dist. LEXIS 21605, at *5 (N.D.Ill. Oct. 27, 2004).

***4** Here, defendant argues that its Rule 68 offer of $13,000 equaled or exceeded plaintiff's maximum possible recovery, mooting his FLSA claim. Briefing its motion before the appearance of Mr. Ofori in this litigation, defendant emphasized the absence at that time of any opt-in plaintiffs, and urged the Court to follow *Briggs*, *Ward*, *Vogel*, and other cases in which courts have found that Rule 68 offers of judgment mooted lone plaintiffs' putative FLSA collective actions. Def.'s Mem. Supp. Mot. Dismiss 5-6. Plaintiff responded that even though no other individual had opted in, dismissal would frustrate the purposes of the FLSA. Pl.'s Mem. 6-12.[FN3]

FN3. Plaintiff also contended that defendant's offer of judgment was insufficient, since, in calculating plaintiff's maximum recovery, defendant employed the "fluctuating workweek method." PL's Mem. 3-5. Under the fluctuating workweek ("FWW") method, "where employees have hours of work that fluctuate but receive a fixed salary for all straight-time hours worked ... the regular hourly rate is determined by dividing the fixed weekly salary by the number of hours the employee actually works in a particular week. The employee then receives one-half his or her regular rate of pay for all hours worked over 40 per week."*Perez v. Radioshack Corp.*, No. 02 C 7884, 2005 U.S. Dist. LEXIS 33420, at *5 (N.D.Ill.Dec. 14, 2005) (citing 29 C.F.R. § 778.114). FWW stands in contrast to (and offers a smaller recovery than) the standard method for calculating overtime pay to salaried employees, which plaintiff argues is applicable here: "Where an employee is paid on a salary basis, the regular hourly rate is determined by dividing the salary by the number of hours which the salary is intended to compensate.... The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 3232509 (E.D.N.Y.)
(Cite as: Slip Copy)

Page 4

employee then receives one and one-half times that regular rate of pay for all hours worked in excess of 40 per week."*Id.* (citing 29 C.F.R. § 778.113). Although plaintiff acknowledges that his hours fluctuated, he argues that FWW is inapplicable for two reasons: (1) the requisite "clear mutual understanding" did not exist, Pl.'s Mem. 4; and (2) FWW applies only where overtime is paid contemporaneously, *id.* at 5 (citing *Rainey v. Am. Forest & Paper Ass'n, Inc.,* 26 F.Supp. 82, 100 (D .D.C.1998) ("[C]ontemporaneous payment of overtime compensation is a necessary prerequisite for application of the fluctuating workweek method ....")). Defendant disputes both contentions, arguing that plaintiff assented to the terms of his employment, evincing a "clear mutual understanding," when he cashed his paychecks, Def.'s Reply Mem. 3; and that FWW may be applied even where contemporaneous payment was not made, *id.* at 4-5 & n. 17 (citing *Tumulty v. Fedex Ground Package Sys., Inc.,* No. 04 C 1425, 2005 U.S. Dist. 25997, at *16 (W.D.Wash. Aug. 16, 2005) (explicitly rejecting the approach described in *Rainey* )). Because the Court decides this motion on the basis of Mr. Ofori's appearance, as explained below, it need not determine whether defendant's method of calculation was the correct one.

As noted above, the factual background for this motion has now changed, in that one other individual, Collins Ofori, has filed a notice of consent to participate as an opt-in plaintiff. Defendant argues that the appearance of Mr. Ofori in this case should not affect the Court's judgment, since, in its view, Mr. Ofori is not "similarly situated" with respect to plaintiff. Defendant acknowledges that both plaintiff and Mr. Ofori have been employed by CPNY at various Manhattan parking locations, and that both have served as parking attendants and as assistant managers. 1st Albizu Aff. ¶ 6; 2d Albizu Aff. ¶ 6. Defendant points out, however, that "[u]nlike Plaintiff, who was reclassified from an exempt salaried position (FNYSUPER) to an hourly nonexempt position (FSUPV) under [FLSA] ... effective December 4, 2004 and has been treated as nonexempt ever since that date, Mr. Ofori has been in an exempt salaried position (FNYSUPER) since December 9, 2001." 2d Albizu Aff. ¶ 7.

The Court is not persuaded that Mr. Ofori is not "similarly situated" within the meaning of 29 U.S.C.

§ 216(b). At this preliminary stage, as noted above, plaintiff need only "mak[e] a modest showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann, 982 F.Supp. at 261.* Plaintiff brings this action on behalf of "persons who are or were formerly employed by Defendant ... at any time since January 11, 2003 to the entry of judgment in this case ... who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation."Compl. ¶ 8. As defendant observes, Mr. Ofori appears not to have been classified as non-exempt during the period plaintiff has specified. But the point is not how defendant *classified* Mr. Ofori. Instead, it is whether Mr. Ofori was in *fact* non-exempt, but nevertheless was denied overtime pay. Indeed, plaintiff himself does not claim to have been classified as non-exempt during the entirety of the relevant period; rather, he claims that he was denied overtime pay after being classified-improperly-as exempt. *See* Pl.'s Mem. 1. Neither Mr. Ofori's classification as exempt during the period at issue, nor the fact that he received a salary, rather than an hourly wage, necessarily precludes plaintiff from showing that he and Mr. Ofori are "victims of a common policy."

*5 This case is analogous, not to the cases relied upon by defendant, in which courts have concluded that lone plaintiffs' putative FLSA collective actions were mooted by offers of judgment, but instead to those cases in which the presence of opt-ins, even in very small numbers, has foreclosed such an outcome. For now, Mr. Ofori's presence requires the conclusion that even if defendant's Rule 68 offer represented or exceeded plaintiff's maximum recovery, it neither mooted plaintiff's FLSA claim nor deprived this Court of subject matter jurisdiction over this matter.

## CONCLUSION

For the reasons explained above, defendant's motion to dismiss the complaint is denied.

SO ORDERED.

E.D.N.Y.,2007.
Yeboah v. Central Parking Systems
Slip Copy, 2007 WL 3232509 (E.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.