UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THELMA HIGUEROS, on behalf of herself
and as a class representative of all those
similarly situated,

                Plaintiff,         **MEMORANDUM OF
                                            DECISION AND ORDER**
                                            07CV0418 (ADS) (ETB)

-against-


NEW YORK STATE CATHOLIC
HEALTH PLAN, INC.,
d/b/a FIDELIS CARE, INC.

                Defendant.
----------------------------------------------------------X
**APPEARANCES**

**FRANK & ASSOCIATES, P.C.**
Attorneys for the Plaintiff
500 Bi-county Boulevard
Suite 112N
Farmingdale, NY 11735
        By:    Neil Frank, Esq., Of Counsel

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**
Attorneys for the Defendant
666 Third Avenue
New York, NY 10017
        By:    Jennifer B. Rubin, Esq.,
                  Jennifer F. DiMarco, Esq.,
                  Michael Scott Arnold, Esq.,
                  Of Counsel

**SPATT, District Judge:**

In this putative class-action, the plaintiff and proposed class representative, Thelma Higueros, seeks relief for the defendant's alleged failure to pay overtime wages in violation of Federal and New York State Labor Law and for termination of her employment, which she claims resulted from her complaints to superiors about the failure to pay such overtime wages.

## I.   BACKGROUND

Thelma Higueros was a marketing and sales representative for the defendant, New York State Catholic Health Plan, Inc., d/b/a/ Fidelis Care, Inc. ("Fidelis"), from March 11, 2003 until December 16, 2005. She alleges that she and other Fidelis employees were responsible for promoting and facilitating the enrollment of eligible persons into certain New York State sponsored health care programs, such as Medicaid, Family Health Plus, and Child Health Plus, in Suffolk and Nassau Counties. The sales representatives would visit work sites, homes, and community outreach programs to enroll qualifying persons, and visit doctor's offices and churches to enlist them to serve as enrollment sites. In addition, sales representatives provided assistance to enrollees in helping to complete applications and filing for reconsideration, renewal, and re-activation of benefits.

The plaintiff represents that she and other employees worked more than forty hours per week and were not appropriately compensated at a rate of one and one-half

times the regular rate of pay. Higueros claims that she personally often worked up to eighty hours per week. With respect to the failure to pay employees for their overtime work, the plaintiff argues that the defendant was in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 & 216, *et. seq.*, and certain New York State laws—N.Y. LAB. LAW §§ 650, *et. seq.*; the Wage and Payment Act, N.Y. LAB. LAW § 190, *et.* seq.; 12 N.Y.C.R.R. § 137-142-2.2; the New York State Minimum Wage Act; and supporting New York State Department of Labor regulations. Further, the plaintiff alleges that she and other employees similarly situated qualified for overtime payment because they were "non-exempt" employees within the meaning of 29 U.S.C. § 213(a)(1) and the New York State Labor Law.

Particularly important in the present motion, the plaintiff alleges that she was terminated from her position in retaliation for complaining to her supervisors about Fidelis' failure to pay overtime wages. In the second cause of action of her complaint, Higueros alleges that Fidelis violated Section 215(a)(3) of the federal FLSA by "retaliating, terminating and/or demoting her, after Plaintiff complained to Defendant Management about non-payment of overtime as required by the FLSA." (Complaint at ¶ 28). Further, in the fourth cause of action of her complaint, the plaintiff claims that the defendant violated N.Y. LAB. LAW § 215 by terminating her after she "continuously made complaints to Defendant specifically but not limited too (sic) complaints for payment of overtime she and others were entitled to as non-exempt

employees." (Complaint at ¶ 38). The plaintiff also alleges that other employees were terminated or demoted for making similar complaints.

The defendant now moves this court to dismiss the retaliation causes of action in the plaintiff's complaint. First, the defendant argues that the plaintiff's retaliation claim pursuant to FLSA § 215(a)(3) should be dismissed because her complaints to management were made informally and only formal complaints are protected. Second, the defendant argues that the plaintiff's retaliation cause of action under New York State law should be dismissed because the plaintiff has failed to plead facts with sufficient specificity to give notice as to the basis of her claim.

Furthermore, the defendant argues that it has already made an Offer of Judgment to the plaintiff in excess of what she could expect to recover on her lost overtime claims. The plaintiff rejected that Offer of Judgment. The defendant contends that its offer served to moot the plaintiff's claim and moves this Court pursuant to FED. R. CIV. P. 12(b)(1) to dismiss the entire action for lack of subject matter jurisdiction.

**II.    DISCUSSION**

**A.    As to Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005); *Desiderio v. Nat'l Ass'n of Sec.*

*Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999). A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 U.S. LEXIS 5901, at *47 (2007). In this regard, "[t]he plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, No. 06-4908, 2007 U.S. App. LEXIS 24728, at *7 (2d Cir. Oct. 23, 2007). According to the Second Circuit, "[i]n last term's *Twombly* decision . . . the Supreme Court held that a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Id.*

    **1.**    **As to Defendant's Motion to Dismiss Plaintiff's Cause of Action for Retaliation Pursuant to the FLSA**

FLSA's anti-retaliation provision protects employees who have "filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . ." 29 U.S.C. § 215(a)(3). In her complaint, the plaintiff states that the defendant violated the anti-retaliation provision when it discharged her from her position due to her complaints to her supervisors about defendant's failure to pay overtime wages. The plaintiff further argues that Section 215(a)(3) will apply even where the plaintiff has

5

allegedly been fired in retaliation for internal, informal complaints and especially in cases where, as here, it was foreseeable the plaintiff would institute the instant action. In opposition, the defendant argues that Section 215(a)(3) requires that an employee file or institute a formal complaint or proceeding against the employer and an informal complaint to management is insufficient for an employee to be protected by the provisions of Section 215(a)(3).

Indeed, the Second Circuit has held that a plaintiff's retaliation claim under Section 215(a)(3) of the FLSA will fail unless the plaintiff demonstrates that the retaliation was the result of the plaintiff filing a formal complaint, instituting a proceeding, or testifying in a proceeding.  Thus, informal complaints to supervisors are not protected by Section 215(a)(3). *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) ("The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does *not* encompass complaints made to a supervisor.") (emphasis added); *Kelly v. City of Mount Vernon*, 344 F. Supp. 2d 395, 405–06 (E.D.N.Y. 2004) (dismissing plaintiff's claim for retaliation under § 215(a)(3) because he did not attempt to institute a formal proceeding prior to the alleged retaliatory act); *Caci v. Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297, 300 (E.D.N.Y. 2003); *Ahmed v. Gelfand*, 160 F. Supp. 2d 408, 417 (E.D.N.Y. 2001) (citing *Lambert* and denying Section 215(a)(3) relief to a plaintiff who did not file a formal complaint but informally complained to his supervisors on

several occasions).

Recently, in *Nicolaou v. Horizon Media, Inc.*, 492 F.3d 325, 328–29 (2d Cir. 2005), the Second Circuit reaffirmed its interpretation of Section 215(a)(3) as applying to formal proceedings but not to informal complaints made to management. In *Nicolaou*, the Court compared the anti-retaliation provision of the Employee Retirement Income Savings Act ("ERISA") to the anti-retaliation provision of the FLSA and explained that the ERISA provision is "unambiguously broader in scope" than the one found in the FLSA. The Court further acknowledged that the use of the word "proceeding" in the FLSA anti-retaliation provision is limited in scope and encompasses only formal proceedings, whereas the term "inquiry," found in ERISA, permits less formal complaints, such as complaints made to management. *Id.*

In her opposition papers, the plaintiff alleges that she "sufficiently describes her actions, grievances, and steps taken to alert the defendant of its ongoing violations." (Plaintiff's Memorandum in Opposition, May 7, 2007 at 3). The plaintiff also alleges that it was foreseeable that she would institute a proceeding, such as this one, and/or testify as to the defendant**'s** alleged violations. Therefore, the plaintiff claims that her actions should be deemed protected in accord with "the spirit and intent of the anti-retaliation clause" of the FLSA. *Id.* However, as discussed above, it is well-settled law in the Second Circuit that internal complaints are not sufficient under Section 215(a)(3).

7

The plaintiff does not cite any authority where the foreseeability of an employee instituting a proceeding or a detailed description of the steps taken by the complaining employee to alert her employer of its alleged violations were sufficient to qualify for the protections of Section 215(a)(3). Further, the plaintiff fails to point to any authority where the instant lawsuit qualifies as evidence of a prior intent to institute a proceeding, bringing plaintiff's previous complaints within the purview of the FLSA. Therefore, the defendant's motion to dismiss the plaintiff's second cause of action is granted.

**2.     As to Defendant's Motion to Dismiss Plaintiff's Cause of Action for Retaliation Under New York State Labor Law**

The anti-retaliation provision found in New York's Labor Law statute is less specific as to what form an employee's complaint to management must take to qualify for protection against retaliation. In New York Labor Law Section 215(1), it is stated:

> No employer . . . shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter [the Labor Law], or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation

or proceeding under this chapter.

N.Y. LAB. LAW § 215(1) (McKinney's 2002).

In order to state a claim under New York Labor Law Section 215, a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer's violation of New York Labor Law and was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action as a result. *Lu v. Jing Fong Restaurant, Inc.*, No. 06CV2657, 2007 U.S. Dist. LEXIS 64832, at *15 (S.D.N.Y. Sept. 4, 2007); *Kreinik v. Showbran Photo, Inc.*, No. 02CV1172, 2003 U.S. Dist. LEXIS 18276, at *29 (S.D.N.Y. Oct. 10, 2003) ("To state a claim under *Section 215*, [employee] must adequately plead that [employer's] counterclaims constituted an adverse employment action taken because of [employee's] complaints under the Labor Law."). In addition, New York's anti-retaliation provision requires a nexus between the employee's complaint and the employer's retaliatory action. *Kreinik*, 2003 U.S. Dist. Lexis 18276, at *29 (finding that employee's allegations sufficiently plead that his labor law complaints were a motivating factor for employer's adverse action); *Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 162 (E.D.N.Y. 2002) (holding that the close connection in time between the complaint and termination indicated that complaints could have been a motivating factor for employee's termination).

The defendant contends that the plaintiff must plead and prove that she made a

9

complaint to her employer or to the labor commissioner regarding a violation of New York Labor Law. (Defendant's Motion to Dismiss, April 27, 2007, at 4). The defendant further states that the "plaintiff is obligated to plead facts with sufficient specificity to give notice both to the Court and to Fidelis as to the basis for this claim." *Id.* The defendant concludes that the plaintiff's failure to plead "such facts" with sufficient specificity renders her complaint defective. *Id.* In response, the plaintiff states that because she was terminated soon after her numerous complaints the Court "could reasonably infer that the termination and complaints are related based on suspicious timing and contemporaneous adverse employment action." (Plaintiff's Memorandum in Opposition, at 4).

The defendant does not dispute that termination of employment qualifies as an adverse employment action under Section 215. *Shaw v. Baldowski*, 192 Misc. 2d 635, 646, 747 N.Y.S. 2d 136 (Sup. Ct. Albany County 2002) ("[A]dverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." (quoting *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002))). Instead, the defendant argues that the plaintiff's claim of retaliation lacks the required degree of specificity. However, the defendant cites no New York case law for the proposition that claims pursuant to Section 215 are subject to a heightened pleading standard and fails to point out the type of facts that the plaintiff's claim is allegedly lacking.

10

The defendant grounds its argument for lack of sufficient specificity solely on *Nicholls v. Brookdale University Hospital Medical Center*, No. 03CV6233, 2004 U.S. Dist. Lexis 12816, at *13 (E.D.N.Y. July 9, 2004).  In *Nicholls*, the court dismissed a plaintiff's retaliation claim under Section 215 as "lacking a level of specificity sufficient to support a cause of action" because the plaintiff failed to state "what alleged violation of New York's Labor Law triggered plaintiff's claim under section 215."  *Id.*  In arriving at this determination, the *Nicholls* court relied on *Mack v. Transport Workers Union of America*, No. 00CV9231, 2002 U.S. Dist. LEXIS 5627, at * 14 (S.D.N.Y. March 29, 2002), where the court dismissed plaintiff's New York Labor Law claims because the plaintiff altogether "failed . . . to specify which sections of that law she claim[ed] to apply [in the litigation]."  However, this case is unlike *Nicholls* and *Mack* because here the plaintiff's complaint contains more than bare allegations of violations of "state law" or even "Labor Law" and instead lists the specific sections of the New York Labor Law that she claims the defendant violated by failing to pay overtime wages, to wit, N.Y. LAB. LAW § 190, *et. seq.* and § 650, *et. seq.*, in addition to other New York employment regulations.  Thus, the plaintiff's complaint in this action is sufficient with respect to the sections of New York's Labor Law that triggered her complaint to management and her subsequent claim under Section 215.

In addition, the Court notes that in *Ellis v. HarperCollins Publishers, Inc.*, No.

99 CV 12123, 2000 U.S. Dist. LEXIS 8598 (S.D.N.Y. June 21, 2000), the court gave a literal reading to Section 215 and found that in order to state a claim, the plaintiff was required to tell "her supervisors that the company was in violation of state labor law." *Id.* at *4. The *Ellis* court explained that "[i]n the absence of any statement by the plaintiff to her supervisors that the company was violating 'state' law, the plaintiff must show that there actually was a violation of state labor law in order to assert a state law retaliation claim." *Id.* at *7. However, the decision in *Ellis* did not turn on the court's analysis of the New York anti-retaliation provision because the plaintiff's claims under Section 215 were preempted by federal law. *Id.* Here, the Court finds that although it does not know the exact words used by the plaintiff in her repeated complaints to her superiors, and whether they made reference to "state" law, the plaintiff's claims are sufficient at this early stage because she made complaints to her supervisors "for payment of overtime she and others were entitled to . . . ." (Complaint at ¶ 38).

Further, the plaintiff claims that she was employed by the defendant from March 11, 2003 through December 16, 2005. The plaintiff specifically outlines her responsibilities and the hours that she spent performing those responsibilities. She also states that the defendant failed to compensate her for overtime pay and that this failure was a violation of New York State Labor Law. Furthermore, the plaintiff alleges that her repeated complaints about the nonpayment of statutorily required

overtime and the defendant's failure to cure the situation caused the defendant to retaliate and terminate the plaintiff on or about December 16, 2005.

Thus, the defendant's allegation that the plaintiff's complaint lacks specificity is without merit. The plaintiff sufficiently explained the circumstances surrounding her employment; the defendant's alleged unlawful labor practices; her complaints about those practices; and her subsequent discharge. Thus, the plaintiff's claim satisfies the pleading requirements of *Twombly*. Accordingly, the defendant's motion to dismiss the plaintiff's fourth cause of action is denied.

**B.     As to Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)**

The defendant argues that because it served an Offer of Judgment upon the plaintiff in excess of what the plaintiff could expect to collect in remuneration for her claim of lost overtime wages, her claim is moot and this Court is divested of subject matter jurisdiction. On October 9, 2007, Fidelis served a Rule 68 Offer of Judgment, in which Fidelis offered to pay the plaintiff $75,000, plus interest, reasonable attorney's fees and costs. The defendant claims that this amount exceeds plaintiff's own calculations and reflects a sum in excess of any amount she can hope to recover in this action. Because the plaintiff has failed to accept the defendant's Offer of Judgment, the defendant claims that the plaintiff's claims have been effectively mooted by its offer and this court is without subject matter jurisdiction. The Court disagrees.

First, the defendant's mootness argument assumes that the Court will dismiss all of the plaintiff's retaliation claims. However, as explained above, the plaintiff has stated a retaliation claim pursuant to N. Y. LAB. LAW § 215 and it is not known whether plaintiff's potential total recovery, inclusive of both her lost overtime claims and retaliation claims, would exceed the amount that the defendant has offered. Thus, as plaintiff's claim for retaliation pursuant to New York law remains outstanding and was not included in the defendant's offer, the plaintiff continues to have a personal stake in the outcome of this action and her claims are not moot. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 278 (S.D.N.Y. 2002) (declining to find plaintiff's cause moot where the defendant's offer of judgment did not cover all plaintiff's claims for damages); *Weissman v. ABC Fin. Servs.*, 203 F.R.D. 81, 83 (E.D.N.Y. 2001).

Second, the defendant argues that "[t]he mootness doctrine has been applied in the context of FLSA collective action overtime cases where defendants have offered the named plaintiff the full relief sought and no other parties have opted into the action." *Darboe v. Goodwill Indus. of Greater NY & Northern NJ, Inc.*, 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007). Here, on October 15, 2007, the plaintiff moved to conditionally certify a class and that motion is pending before this Court. Under these circumstances, the Court finds dismissal due to lack of subject matter jurisdiction inappropriate at this time. *See Schuster v. Citibank, N.A.*, No. 00CV5940, 2001 U.S.

Dist. LEXIS 20246, at *8 (S.D.N.Y. Nov. 28, 2001) (denying defendant's motion to dismiss following an offer of judgment where the plaintiff brought the action as a putative class action and the class action motion was still pending); *see also Eckert v. Equitable Life Assur. Soc'y of the United States*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005) ("[I]n situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no 'undue delay,' the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification."); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 258 F. Supp. 2d 157, 167 (E.D.N.Y. 2003) (Spatt, J.) ("[T]he more difficult question appears to be whether a court must declare a case moot where a motion for class certification has been filed and is therefore pending or where a plaintiff has not had an opportunity to file such a motion."). Thus, the defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) is denied.

### III.	CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that defendant's motion to dismiss the plaintiff's second cause of action is granted; and it is further

**ORDERED**, that the defendant's motion to dismiss the plaintiff's fourth cause of action is denied, and it is further

**ORDERED**, that the defendant's motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction is denied.

**SO ORDERED.**

Dated:	Central Islip, New York
	December 1, 2007

	_/s/ Arthur D. Spatt_
	ARTHUR D. SPATT
	United States District Judge