Peter A. Romero (PR-1658)
**FRANK & ASSOCIATES, P.C.**
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
(631) 756-0400

*Attorneys for Plaintiff*
**THELMA HIGUEROS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THELMA HIGUEROS, on behalf of herself
and as class representative of all those
similarly situated,

                Plaintiff,                07-CV-0418 (ADS) (ETB)

    -against-

NEW YORK STATE CATHOLIC
HEALTH PLAN, INC.,
d/b/a FIDELIS CARE, INC.,

                Defendant.
------------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION PURSUANT TO FED.R.CIV. P. 23(d)

Plaintiffs, by and through their attorneys Frank & Associates, P.C., respectfully submit this memorandum of law in support their motion pursuant to Rule 23(d) of the Federal Rules of Civil Procedure. In the interest of brevity and the convenience of the Court, Plaintiffs respectfully refer the Court to the Declaration of Peter A. Romero, Esq. (Doc. No. 204), Affidavit of Jerry K. Sutter (Doc. No. 205), Memorandum of Law (Doc. No. 206) submitted in support of the motion (Doc. No. 203) for miscellaneous relief filed by Plaintiffs on June 30, 2009.

1

Pursuant to Federal Rule of Civil Procedure 23, this Court is vested with explicit authority to require that notice be given to some or all of the members of any step in the action. See Fed.R.Civ.P. 23(d)(1)(B). The Court also has broad authority to oversee the conduct of the class action under Rule 23(d)(1)(E). The same concerns and justifications for judicial oversight apply to collective actions under the FLSA. Ojeda-Sanchez v. Bland Farms, 600 F.Supp.2d 1373, 1378 (S.D.Ga. 2009).

Plaintiffs allege that Defendant's CEO had in-person communications with potential class members after the Court conditionally certified a Rule 23 Class and a collective action pursuant to 29 U.S.C. §216(b), and in close temporal proximity to the mailing of Court-approved notice which advised potential class members of their right to participate in the lawsuit. (Romero Declaration ¶5-8, ¶12-13). Once the Court granted conditional certification of this case as a collective and class action, Defendant's discussion with potential opt-in class members in the absence of notice to Plaintiffs' counsel was improper. Bowens v. Atlantic Maintenance Corp., 546 F.Supp.2d 55, 89-90 (E.D.N.Y. Apr.23, 2008). Plaintiffs allege that the in-person communications occurred at the potential class members' place of employment, and urged potential class members to exclude themselves from the litigation. (Sutter Aff. ¶5,6,7).

If true, Defendant's contact during this period was inherently coercive, potentially interfered with the notice to class members regarding their right to participate in the lawsuit, and warrants appropriate relief pursuant to the Court's broad authority to oversee the action. Ojeda-Sanchez, at 1381 ("Even if the defendants did not engage in any intentional coercion," the effect of in-person communications between employer and

employee "were inherently coercive"); Romano v. SLS Residential Inc., 253 F.R.D. 292, 296 (S.D.N.Y. 2008).

Should this Court find that the opt-outs that Defendant obtained were procured through duress or improper conduct, it has authority under Rule 23(d) to invalidate the opt-outs. Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1202 (11th Cir. 1985). In Kleiner, the Court recognized that the potential for undue influence is enhanced where the class and the class opponent are involved in an ongoing business relationship. The relationship at issue in Kleiner was between a bank and its borrowers. Here, the danger of coercion is even greater because the class opponent is the class members' employer. See, EEOC v. Morgan Stanley & Co., Inc., 206 F.Supp.2d 559, 562 (S.D.N.Y. 2002); Belt v. Emcare, Inc., 299 F.Supp.2d 664, 668 (E.D. Texas 2003).

The Court needs to ensure that individual decisions to opt-out of this lawsuit were independent and free from coercion. To that end, Plaintiffs respectfully request an Order (1) directing Defendant to furnish the name and contact information for each marketing representative it employed in Dutchess and Columbia County during the period July 21, 2008 to present; (2) granting Plaintiffs' counsel permission to interview said marketing representatives concerning the meeting described in the affidavit of Jerry K. Sutter; and (3) granting Plaintiffs' counsel permission to contact the class members who have opted-out of the Rule 23 Class, to inquire whether their exclusion from the lawsuit was voluntary and free from coercion.

**WHEREFORE**, Plaintiffs respectfully request an Order granting the relief requested herein, and such different and further relief as to this Court seems just and proper.

Dated: Farmingdale, New York
July 2, 2009

*Respectfully submitted,*

**FRANK & ASSOCIATES, P.C.**

_____
Peter A. Romero, Esq.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
(631) 756-0400

*Attorneys for Plaintiff*