UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THELMA HIGUEROS, on behalf of herself and as
class representative of all those similarly situtated,

                             Plaintiff,                    MEMORANDUM
                                                                OPINION AND ORDER

                       -against-                                    CV 07-418 (ADS) (ETB)

NEW YORK STATE CATHOLIC HEALTH
PLAN, INC. d/b/a Fidelis Care, Inc.,

                             Defendant.
----------------------------------------------------------------------X

       The defendant, Fidelis Care, Inc. ("Fidelis" or "defendant"), seeks to depose all opt-in plaintiffs in this collective action, filed pursuant to the Fair Labor Standards Act ("FLSA"). Alternatively, the defendant identifies an additional twelve opt-in plaintiffs that it seeks to depose. It is difficult to specifically identify the total number of plaintiffs due to recent withdrawals and dismissals. The opt-in plaintiffs appear to number thirty-eight, of which ten have been deposed. The three original named plaintiffs in the action have also been deposed. Thus, twenty-eight additional depositions are sought. According to a submission by defendant's counsel, dated September 30, 2009, of the original plaintiffs (3) and opt-ins (49), eleven plaintiffs have been dismissed from this action. (See Order of Spatt, J., dated Sept. 16, 2009.)

       With respect to all of the remaining undeposed plaintiffs, each has provided the defendant with detailed responses to interrogatories and responses to document requests - although the plaintiffs unsurprisingly do not have possession of documents supporting what they claim is the statewide corporate policy not to pay overtime to any of its marketing representatives. Thus, each of the plaintiffs sought to be deposed has already, under oath,

identified the unlawful general policy involved in this action (Interrogatory No. 9), has identified the defendant's supervisory personnel with knowledge and awareness of the policy, and the supervisory or management individual to whom complaint was made with regard to this policy (Interrogatories Nos. 1, 2, 5 and 7). In addition, each has given a detailed statement - also under oath - with respect to the approximate number of hours worked above forty, the plaintiff's individual pay rate and the opt-in plaintiffs' overtime rate computed at time and one-half, as well as the total compensation due and owing.

Fidelis' application is very skimpy as to the reasons for seeking to depose the remaining plaintiffs in this collective action. The movant argues that when, as here, the class is relatively small (approximately 40), samples are unstable. The second argument appears to be that because the defendant has offices throughout the state, there is a potential for forty-seven different supervisors in the four regions of New York where its offices are located. The movant complains that it deposed only one plaintiff from the northeast region, one from the western region and none from the central region. The movant seems to ignore the fact that it was the one who chose which of the opt-in plaintiffs it wanted to depose. It cannot deliberately choose no one, for example, from the central district or only one from the northeast and then make that decision the basis for conducting additional depositions of the central and northeast region. Such a practice would foster inefficiency as to the ten chosen depositions in order to better justify the depositions not taken but sought nonetheless.

The movant also ignores the detailed interrogatories that each of the opt-in plaintiffs has provided, complete with the identification of relevant personnel aware and participating in this policy, together with a detailed statement as to damages. Moreover, the movant is silent with

respect to the fact that the alleged policy challenged in this action is a statewide corporate policy emanating from individual supervisors in the four regions that have been identified in the papers.

As the plaintiffs properly point out in their opposition, deposing each of the forty-seven plaintiffs would defeat the very purpose contemplated by Congress in authorizing these collective actions. See 29 U.S.C. § 216(b) (authorizing a collective action under the FLSA); Alonso v. Uncle Jack's Steakhouse, Inc., No., 2009 U.S. Dist. LEXIS 63693, at *12-13 (S.D.N.Y. July 24, 2009) (stating that the purpose of Section 216(b) of the FLSA is "to achieve judicial efficiency by settling the claims of similarly situated employees at the same time"); Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007) ("The collective action procedure [of the FLSA] allows for efficient adjudication of similar claims, so 'similarly situated' employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute their claims."); see also Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989) (stating that collective actions in general provide a benefit to the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity"). The amount involved in many of these actions is not substantial and, therefore, there often would be no incentive to bring such an action without permitting similarly situated employees to band together in order to assert their collective rights.

Moreover, in addition to the written interrogatories and document requests, Fidelis has already deposed thirteen of the forty-one plaintiffs - more than thirty percent. That appears to be adequate, given the particular circumstances of this action. See Reich v. Southern New England Telecomms. Corp., 121 F.3d 58, 67-68 (2d Cir. 1997) (rejecting defendant's claim that testimony

of only 2.5% of the employee class - or 39 of 1,500 plaintiffs - was inadequate to award damages under the FLSA and stating that the parties "need not present testimony from each underpaid employee"); Chao v. Vidtape, 196 F. Supp. 2d 281, 293 (E.D.N.Y. 2002), aff'd in part and modified in part, 2003 U.S. App. LEXIS 10707 (2d Cir. May 29, 2003) ("Testimony from a group of employee witnesses about the hours worked and pay received is sufficient representation to calculate the amount of wages owed to the enterprise's entire workforce.") To do otherwise, in my opinion, would be treading on the benefits conferred by the collective action provision of the FLSA, which intended to afford plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche, 493 U.S. at 170 (discussing the benefits of collective actions generally).

Lastly, Fidelis states that depositions are needed due to the variance in the amount of overtime claimed by the plaintiffs - "varying from as little as 2 hours to as great as an astounding 60 hours per week." (Correspondence of James R. Hays, dated Aug. 18, 2009 at 3.) Surely, if each of the marketing representatives claimed the same amount, Fidelis would argue that as a basis for conducting additional depositions. It is inconceivable that there would not be variances in the amount of overtime claimed by an individual plaintiff due to variances in the work load, personal work ethic and other regional differences that might impact on the time required to adequately perform the job.

For all these reasons, Fidelis' request to conduct additional depositions is denied.

**SO ORDERED:**

Dated: Central Islip, New York
October 21, 2009

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge
