Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*
**THELMA HIGUEROS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THELMA HIGUEROS, on behalf of herself
and as class representative of all those
similarly situated,

                Plaintiff,                07-CV-0418 (ADS) (ETB)

    -against-

NEW YORK STATE CATHOLIC
HEALTH PLAN, INC.,
d/b/a FIDELIS CARE, INC.,

                Defendant.
-------------------------------------------------------------X

### MEMORANDU OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

      Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion for Preliminary Approval of Settlement and Approval of Notice to the Class. Plaintiffs and Defendant have entered into a Stipulation of Settlement dated July 16, 2010 ("Settlement Agreement"), setting forth a proposed class action settlement of Plaintiffs' claims against Defendant. The terms of the proposed settlement are reflected in the Settlement Agreement, which is attached as Exhibit "A" to the Declaration of Peter A.

Romero in Support of Motion ("Romero Decl.") The instant motion is submitted with the consent of the Defendant.

Plaintiffs believe that the proposed settlement is in the best interests of all members of the proposed Settlement Class. In particular, Plaintiffs are concerned that if a settlement is not approved, then the members of the Settlement Class will eventually receive less money than is currently proposed or realize may no recovery at all.

The proposed settlement is the result of extensive negotiations between Plaintiffs and Defendant. Counsel for Plaintiffs and the Defendant had many meetings and engaged daily in settlement talks over the course of several weeks. Based on their evaluation of the facts and the considerable risk, expense and delay inherent in the continued litigation of this matter, Plaintiffs submit that the proposed settlement is in the best interest of the class as a whole and should be granted preliminary approval.

Accordingly, Plaintiffs respectfully request that the Court enter an Order granting preliminary approval of the Parties' proposed settlement, authorizing the dissemination of notice of the proposed settlement to the putative members of the class, and setting a hearing on fairness of the proposed settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff and class representative, Thelma Higueros, commenced this action to recover unpaid overtime wages under the Fair Labor Standards Act and New York State Labor Law on January 30, 2007. Plaintiff was as a marketing and sales representative for the Defendant, New York State Catholic Health Plan, Inc., d/b/a Fidelis Care, Inc. ("Defendant" or "Fidelis"), from March 11, 2003 until December 16, 2005. She alleges that she and other employees worked more than forty hours per week and

were not paid at a rate of one and one-half times the regular rate of pay. Plaintiff alleges Fidelis violated the federal Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, 216 et seq., N.Y. LAB. LAW § 650, et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

On July 21, 2008, this Court issued a Memorandum of Decision and Order granting Plaintiffs' motion for conditional certification and authorizing a notice of a collective action pursuant to 29 U.S.C. §216(b), certifying a class action as to the Plaintiffs' state law claims, and appointing Plaintiff's counsel as class counsel. (Romero Decl. ¶4). The class was defined as "all current and former Sales and Marketing Representatives employed by the Defendant from on or about January 30, 2001 through January 30, 2007" (hereinafter referred to as the "Class").

On September 17, 2008, the parties submitted a stipulated form of notice of both the FLSA collective action and the class action for the Court's consideration, which the Court approved, with certain amendments, in an Order made and entered October 17, 2008. (Romero Decl. ¶5). The notice included a "Consent to Joinder" form, to be signed and returned by members who wished to participate in the FLSA case, and an "Opt-Out" form, to be signed and returned by members who wished to be excluded from the New York Labor Law Case. (Romero Decl. ¶5).

On or about November 7, 2008, the notice was mailed to approximately 709 current and former marketing representatives who worked for Fidelis during the period January 30, 2001 to January 30, 2007. (Romero Decl. ¶6). Approximately 48 members

3

have opted into the FLSA case, and approximately 185 members have opted-out of the New York Labor Law Case. (Romero Decl. ¶6).

After the close of the notice opt-in period, the parties began a lengthy period of discovery. Fidelis produced thousands of pages of documents related to the Plaintiffs' claims, including, inter alia, time sheets signed by the opt-in Plaintiffs, disciplinary notices regarding failure of certain opt-in employees to meet production standards, attendance records and documents related to leaves of absence, and documents related discharge due to failure to meet production goals. (Romero Decl. ¶7). In addition, the parties took numerous depositions, including the deposition of thirteen opt-in plaintiffs and the CEO of Fidelis. (Romero Decl. ¶7).

When discovery was completed, counsel for the parties engaged in extensive, complex settlement negotiations to resolve this matter. Those negotiations involved in person meetings, as well as daily telephone conferences over the course of several weeks. (Romero Decl. ¶11). The parties jointly request that the Court grant preliminary approval of the Settlement Agreement and authorize notice to all class members by delivering to them a notice of the proposed class settlement approved by the Court. A true and correct copy of the Parties' proposed notice to the class is annexed to the Settlement Agreement. (Romero Decl. Ex. A). The Parties further request that the Court schedule a hearing to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate to the Class as a whole (the "Fairness Hearing"), as required by Rule 23(e) of the Federal Rules of Civil Procedure, at the earliest practicable time on or within sixty (60) days after the Notice is mailed.

# ARGUMENT

## I. THE SETTLEMENT AGREEMENT

Pursuant to the agreement reached by the Parties, each qualified class member who affirmatively opted-in to the FLSA Action (the "Opt-In Members") will receive the amount set forth in Appendix "A" attached to the Stipulation of Settlement. The amount set forth in Appendix "A" is equal to 85% of the amount claimed by each Opt-In Member, plus and equal amount which represents liquidated damages.

Each qualified class member who did not affirmatively opt-in to the FLSA Action and who did not affirmatively opt-out of the New York Sate Action and who submits a timely Claim Form will receive an amount calculated using the following formula: [11 hours of overtime worked per week] x [overtime rate of $23.34 per hour] x [number of weeks worked during Fidelis employment within the applicable six (6) year statute of limitations period]. Each NYS Class Member will receive an additional 17% of their individual award as liquidated damages and an additional 6% of their individual settlement award as interest.

## II. PRELIMINARY APPROVAL SHOULD BE GRANTED.

Rule 23(e) requires judicial approval for any compromise of claims brought on a class basis. Fed.R.Civ.P. 23(e). Approval of a proposed settlement is a matter within the broad discretion of the district court. *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). "Preliminary approval of a proposed settlement is the first in a two-step process required before a class action may be settled." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). "First, the judge reviews the proposal preliminarily to determine whether it is sufficient to

warrant public notice and a hearing. If so, the final decision on approval is made after the hearing." *Manual for Complex Litigation-Fourth §13.14.*

"Preliminary approval should be granted and notice of the proposed settlement given to the class if there are no obvious deficiencies in the proposed settlement." *In re Medical X-Ray Film Antitrust Litig.,* No. CV 93-5904, 1997 WL 33320580 *6 (E.D.N.Y. Dec. 26, 1997). The primary question raised by a request for preliminary approval is whether a proposed settlement is "within the range of reasonableness" of settlements that could ultimately merit final approval. *Manual for Complex Litigation-Fourth 40.42.* "At this stage of the proceeding, the Court need only find that the proposed settlement fits 'within the range of possible approval...' *Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. at 210.

Preliminary approval does not require the court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final- approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of, or exclude themselves from, the settlement. *See* 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.165 [2-3], at 23-516 (3d ed. 2006).

The Parties' Proposed Settlement is entitled to a presumption of fairness. Even at the final-approval stage, before consideration of its substance, a proposed settlement is entitled to a presumption of fairness if it is negotiated at arm's-length by experienced, knowledgeable counsel. *In re Excess Value Ins. Coverage Litig.*, 2004 WL 1724980 *10 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex

6

class litigation, the Settlement will enjoy a presumption of fairness.'"). Here, the settlement negotiations were adversarial, extensive and occurred over the course of many weeks at arm's length by competent, knowledgeable counsel. Therefore, the proposed settlement is entitled to a presumption of fairness at the preliminary-approval stage.

Fidelis asserted throughout this litigation that Plaintiffs' claims relied upon anecdotal evidence. (Romero Decl. ¶8). Fidelis maintained the Plaintiffs' claims that they worked in excess of forty hours per week are not credible because, in an overwhelming number of weeks in which Plaintiffs worked, they reported only 37.5 hours worked on the time sheets they signed and submitted for payroll. (Romero Decl. ¶8). Moreover, the personnel records for many of the Plaintiffs indicate that their were periods in which they worked no overtime at all because they took personal time off, vacation or medical leave of absence. (Romero Decl. ¶8).

Fidelis also asserted that the 48 total opt-in Plaintiffs worked at four different geographic regions, were supervised by more than 40 different supervisors, were subject to disparate and varied personnel policies and procedures, and claimed widely different amounts of overtime owed. (Romero Decl. ¶9). Following discovery on Plaintiffs' claims, which included numerous depositions and massive document review, Defendant would have likely filed a motion for summary judgment and/or to decertify the class. (Romero Decl. ¶10). Given the uncertainty of Plaintiffs' ability to establish that they worked in excess of forty hours per week, and the costs inherent in continuing the litigation against Fidelis, the settlement represents an excellent compromise that will afford Plaintiffs a recovery from Fidelis without the considerable risk and expense involved in a trial of the action.

It is well settled that there is a two-step process for the review of a proposed class action settlement. The first of which is a preliminary, pre-notification hearing to determine whether the settlement is "within the range of possible approval." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006); *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006); and *In re NAASDA Market Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y 1997). In evaluating whether to preliminarily approve a proposed settlement, the Court is not making any final determinations as to the merits of the matter. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974) overruled on other grounds by *Missouri v. Jenkins*, 491 U.S. 274 (1989). By preliminarily approving the proposed settlement, the Court is deeming it to be "sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard." *In re NASDAQ Market Makers Antitrust Litigation*, 176 F.R.D. at 102. Once preliminarily approved, the Court "must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *Bourlas*, 237 F.R.D. at 355. The form notice and claim forms are annexed as Exhibits B and C to the Settlement Agreement. (Romero Decl. Ex. A).

**A.     The Proposed Settlement Should be Preliminarily Approved**

The Court should consider a number of factors before preliminarily approving a class action settlement – no one factor is determinative. These factors can be summarized as follows:

> [W]here [the proposed settlement] is the result of serious, informed and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies (such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation of the attorneys),

and where the settlement appears to fall within the range of possible approval.

*Reade-Alvarez*, 237 F.R.D. at 33.

The proposed settlement satisfies these requirements. It is the product of extensive negotiations between Plaintiffs' counsel and counsel for the Defendant, all of whom are experienced in class action wage and hour litigation. Prior to engaging in settlement negotiations, Plaintiffs' Counsel reviewed thousands of pages of documents and spent a great deal of time with each of the forty-eight (48) Opt-In Plaintiffs in an effort to analyze all of the information in their possession so as to be able to successfully prosecute this matter. Plaintiffs counsel's investigation and research confirms its belief that the Settlement Agreement is fair, reasonable and adequate.

### B. The Amount of Attorney's Fees Is Fair

The Settlement Agreement in this case provides that Fidelis will pay a separate amount to Class Counsel for attorneys' fees and reimbursement of expenses incurred. The attorneys' fees and costs will not be paid from the settlement payment to Class Members. Thus, the Plaintiffs' recovery will not be reduced or diminished by award of attorneys' fees. Class Counsel will receive an award of attorneys' fees and costs equal to the greater of $2,000,000 or 33% of the total amount that Fidelis will pay qualified class members pursuant to the terms of the parties' agreement. Class Counsel submits that the anticipated fee is fair and reasonable under the circumstances.

Class counsel agreed to commence this action on a contingency fee basis, with no fees to be recovered in the event of a negative outcome, and has advanced the fees and costs necessary to prosecute the action. The Complaint in this action was filed in

9

January 2007. After the Complaint was filed, the parties ascertained the identity of the members of the class and then engaged in extensive discovery regarding the duties of the marketing representative position, the hours for which the Plaintiffs performed services for Fidelis, and the rates of pay received by the Plaintiffs. During discovery, Plaintiffs' counsel thoroughly investigated the claims of class members, including analyzing time records and other documents and calculating damages. In addition to reviewing the thousands of documents Plaintiffs' counsel secured from Fidelis, Class Counsel contacted many of the putative class members and conducted extensive interviews and evaluations of the class members' claims.

This action has been litigated for more than three and one-half years. Class counsel has persevered through a pre-answer motion to dismiss, class certification and extensive pre-trial discovery. Throughout the litigation, Class Counsel confronted the possibility of no recovery or of a small recovery. At the conclusion of discovery, the parties entered into settlement negotiations and negotiated the Settlement Agreement which is now being submitted to the Court for preliminary approval.

Despite substantial and varied legal obstacles to recovering from Fidelis for alleged unpaid overtime, Class Counsel accepted this case and was able to achieve a significant settlement. Class Counsel has knowledge of the applicable law, and has committed resources to this matter, notwithstanding the fact that it commenced on a contingent fee basis, with no fees to be recovered in the event of a negative outcome, and has advanced all the fees and costs necessary to prosecution the action. Counsel for Plaintiff class is extremely experienced in the area of labor and employment law. The attorneys who primarily worked on this action are Neil M. Frank and Peter A. Romero.

Mr. Frank graduated from New York Law School in 1963 and has approximately forty (40) years experience practicing labor law. Mr. Frank was generally involved in the more complex elements of this action including litigation strategy, negotiation and settlement. Mr. Romero graduated from St. John's University School of Law in January 2003, and has practiced almost exclusively in the area of employment law since he was admitted to the New York bar in November 2003.

Finally, the Stipulated Settlement provides a process to assure that each potential class member receives notice of the proposed settlement and fairness hearing, and that he/she and will have adequate opportunity to file objections to the proposed settlement. Based on the foregoing, the Parties respectfully request that the Court grant Preliminary Approval the Stipulation of Settlement and authorize notice to all Class Members of the Stipulation by delivering to them a Notice of the proposed class settlement approved by the Court.

### III. THE PROPSED METHOD OF CLASS NOTICE IS APPROPRIATE

Individually mailed notice will provide the best notice practicable under the circumstances. The court must direct to all class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. Pro. 23(c)(2)(B). *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974) ("[T]he names and addresses of 2,250,000 class members are easily ascertainable, and there is nothing to show that individual notice cannot be mailed to each. For these class members, individual notice is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2) and our prior decisions.")

A copy of the proposed notice is annexed to the Settlement Agreement. (Romero Decl. A). The proposed notice advises recipients of the proposed settlement, and provides recipients with the right to appear and state their objections at a Fairness Hearing. The proposed notice also: describes the nature of the action; defines the settlement class; advises that recipients may appear through counsel; provides information about opting-out; and describes the binding effect of the class judgment. As such, the proposed notice should be approved as it serves to adequately advise recipients of their rights.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court certify the Settlement Class, Preliminarily Approve the Settlement, and approve the form and manner of the notice to the Class.

Dated: Farmingdale, New York
July 16, 2010

*Respectfully submitted,*

FRANK & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*

By: _____
Peter A. Romero, Esq.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547

TO: James R. Hays, Esq.
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.
*Attorneys for Defendant*
666 Third Avenue
New York, New York 10007
(212) 692-6276
(212) 983-3115