UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

THELMA HIGUEROS, on behalf of herself and as
class representative of all those similarly situated,

                      Plaintiff,

      -against-

NEW YORK STATE CATHOLIC HEALTH PLAN,
INC., d/b/a FIDELIS CARE, INC.,

                      Defendant.

-------------------------------------------------------------X

No. 07 Civ. 0418 (ADS)(ETB)

## ORDER AND FINAL JUDGMENT OF DISMISSAL

**WHEREAS**, an action entitled *Thelma Higueros, on behalf of herself and as class representative of all those similarly situated v. New York State Catholic Health Plan, Inc., d/b/a Fidelis Care New York*, Index No. 07 Civ. 0418 (ADS) (ETB) (the "Lawsuit") is currently pending before this Court;

**WHEREAS**, Plaintiffs have made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order approving settlement of the claims alleged in the Lawsuit, in accordance with a Settlement Agreement filed with this Court on July 16, 2010 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit against Defendant and for dismissal of the Lawsuit against Defendant with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits thereto; and

**WHEREAS**, all capitalized terms used herein having the meanings as set forth and defined in the Agreement; and

**WHEREAS**, on the 11th day of January, 2011, a hearing having been held before this Court at the United States District Court, Eastern District of New York, U.S. Courthouse, 100 Federal Plaza, Central Islip, New York, to: (a) determine whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; and (b) whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered. The Court having considered all matters submitted to it at the hearing and otherwise;

IT IS ON THIS 22nd DAY OF January, 2011 HEREBY ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the Action, Named Plaintiff, all members of the Class, and Fidelis.

2. On July 21, 2008, this Court issued a Memorandum of Decision and Order granting Plaintiffs' motion for conditional certification and authorizing a notice of a collective action pursuant to 29 U.S.C. §216(b), certifying a class action as to the Plaintiffs' state law claims, and appointing Plaintiffs' counsel as class counsel. The class is defined as "all current and former Sales and Marketing Representatives employed by the Defendant from on or about January 30, 2001 through January 30, 2007." Excluded from the Class are any individuals who requested exclusion from the Class.

3. The Court hereby approves the Settlement set forth in the Agreement as being fair, just, reasonable, adequate and in the best interests of the Named Plaintiff and the Class as described in the Agreement, provided, however, that such approval does not extend to the fees

and expenses to be awarded to Class Counsel, as to which the Court reserves judgment and as more fully addressed in Paragraph 14 hereof.

4. In compliance with Federal Rule of Civil Procedure 23 and the requirements of due process, on November 10, 2010, Class Counsel mailed the Settlement Notice approved by the Court by first-class mail to the members of the Class.

5. Due and adequate notice of the Fairness Hearing and of the proposed Settlement was given to the members of the Class who could be identified with reasonable effort. The form and method of notifying the Class of the Fairness Hearing and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Due and adequate notice of the proceedings having been provided to the members of the Class, and a full opportunity having been offered to them to participate in the Fairness Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

7. Except with respect to the fees and expenses to be awarded to Class Counsel, the Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are hereby approved and confirmed as being fair, reasonable, and adequate; the Class Members and the parties to the Agreement are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Agreement; and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Action.

8. The Complaint is hereby dismissed with prejudice, without costs, except as provided herein and in the Agreement, as against Fidelis.

9. The plan for allocating the Settlement proceeds, as set forth in the Agreement, is approved as fair and reasonable, and counsel to the parties are directed to administer the Settlement in accordance with its terms and provisions.

10. Consistent with the Agreement, within twenty-one (21) days after the expiration of the appellate process outlined in Federal Rule of Appellate Procedure 4, following entry of this Order and Final Judgment of Dismissal approving the Settlement, Class Counsel shall mail the Claim Form to all Qualified Class Members, at each Qualified Class Member's last known address. The Claim form shall be sent by first class mail to the Class Members on the Class List approved by the Parties, and costs of sending the Claim Form shall be paid by Class Counsel. In addition to providing Fidelis' counsel with copies of the Claim Forms and envelopes returned by the Class and any other required procedures outlined in the Settlement Agreement, Class Counsel shall also provide counsel to Fidelis with copies of the meter-stamped envelopes mailed by Class Counsel to the Class, which indicate the date the Claim Forms were mailed to Qualified Class Members. At the time that Fidelis provides settlement checks to Qualified Class Members, Fidelis shall also provide information to Class Counsel consistent with the methodology approved by the Court during the Fairness Hearing on January 11, 2011.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Named Plaintiff, on behalf of herself and Class Counsel, and each individual Class Member, for and on behalf of themselves and their respective predecessors, successors and assigns, and all persons acting for them, past or present, are hereby permanently barred and

4

enjoined from instituting, commencing or prosecuting any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs, penalties or expenses, including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected or claimed from the beginning of time through and including the Effective Date including, without limitation, those arising out of or in any way related to the Lawsuit, that have been or could have been asserted in the Lawsuit by the Class Members or any of them against any of the Released Parties arising out of or in any way relating to the claims advanced by Named Plaintiff in this Lawsuit. "Released Parties" means Fidelis, its current and former parents, subsidiaries and otherwise affiliated entities, and its current, former and interim officers, directors, shareholders, agents, employees, partners, members, accountants, executors, beneficiaries, insurers, reinsurers, attorneys, representatives and other agents, and all of its respective predecessors, successors and assigns, and all persons acting for them, past or present. In accordance with the Agreement, these settled claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings in this Lawsuit and this Order and Final Judgment of Dismissal.

  13. Named Plaintiff and all members of the Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the settled claims. This Court shall retain exclusive continuing jurisdiction to enforce the injunction provided for in this paragraph 13 of this Order and Final Judgment of Dismissal.

14. In accordance with the Agreement, the FLSA class members who have affirmatively opted in to the FLSA action and submit timely claim forms shall receive an agreed upon settlement award as provided in the Agreement. All Rule 23 class members who submit timely claim forms shall receive a settlement award calculated in accordance with the formula set forth in the Agreement. Accordingly and consistent with this Court's previous Order dated October 20, 2010, the Court shall consider the fees and expenses to be awarded to Class Counsel once the aggregate settlement award for the Class is determined.

15. This Order and Final Judgment shall not constitute any evidence or admission by Fidelis or any other person that any acts of negligence or wrongdoing of any nature have been committed and shall not be deemed to create any inference that there is any liability therefor.

16. No part of the amounts to be paid by Fidelis pursuant to the Agreement constitutes (i) a fine or penalty under any law, or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

17. Without affecting the finality of this Order and Final Judgment of Dismissal, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Settlement and the terms of this Order and Final Judgment of Dismissal, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Settlement, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment of Dismissal.

_____
United States District Judge

Dated: ___Jan 22___, 2011

5279423v.6