# Exhibit B

# MINTZ LEVIN

Jennifer F. DiMarco | 212 692 6260 | jfdimarco@mintz.com

Chrysler Center
666 Third Avenue
New York, NY  10017
212-935-3000
212-983-3115 fax
www.mintz.com

March 2, 2011

VIA FIRST CLASS MAIL AND ECF

The Honorable Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

> Re:   *Higueros v. New York State Catholic Health Plan, Inc.*
>       *d/b/a Fidelis Care, Inc.*, 07 CV 0418 (ADS)(ETB)

Dear Judge Spatt:

This firm represents defendant New York State Catholic Health Plan, Inc. d/b/a Fidelis Care New York ("Fidelis") in the above-referenced action. As you may recall, the Parties are currently implementing the terms of their Settlement Agreement and Release (the "Settlement"), which the Court approved at the Fairness Hearing held on January 11, 2011 and as set forth in the Order and Final Judgment of Dismissal signed by Your Honor on January 22, 2011 (the "Order").

A very serious matter has just come to our attention, which prompts this letter. Fidelis became aware today that Class Counsel has been communicating with the Class in a manner that violates the Settlement Agreement and the Court's Order. (For the Court's convenience, a copy of the signed Order is attached as Exhibit A). As a result, and for the reasons set forth below, we respectfully request that the Court issue an Order that prohibits Class Counsel from further communicating with the Class without the Court's prior approval.

A former employee informed Fidelis today that she received a mailing from Class Counsel regarding the Parties' Settlement. (A copy of the mailing is attached as Exhibit B). This newly discovered mailing, which appears to have been sent after Class Counsel mailed the Court-approved Notice of Settlement to the Class and prior to mailing the Court-approved Claim Form to the Class, consists of a postcard that states:

**IMPORTANT**

**YOU ARE ENTITLED TO A SHARE OF THE
FIDELIS
OVERTIME NEGOTIATED SETTLEMENT**

**You Will Soon Receive A Claim Form In The
Mail You Must Return to
Us to Receive Money You Are Owed**

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

March 2, 2011
Page 2

## TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THE CLAIM FORM BY THE DATE STATED ON THE CLAIM FORM WE WILL PROVIDE A RETURN ENVELOPE FOR YOU CONVENIENCE

### If you do not receive your Claim Form within thirty (30) days of this notice, please contact Counsel for Plaintiffs:

**Peter A Romero, Esq.
Frank & Associates, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400
promero@laborlaws.com**

This postcard is a communication that is separate and apart from, and in addition to the Notice of Settlement and Claim Form that were fully and carefully negotiated by the Parties and, after they were agreed to, were included as exhibits to the Settlement Agreement and approved by the Court.  Class Counsel mailed this additional notice to the Class without notifying Fidelis or its counsel, and without authorization from the Court.

Class Counsel's unilateral unauthorized mailing to the Class in violation of the Settlement Agreement and the Order is even more egregious – because it has already occurred – than certain other recent requests by Class Counsel to modify the Court-approved notice procedures in ways that were not contemplated by the Parties when negotiating the Settlement Agreement.  For example, Peter Romero, Esq. has asked Fidelis to provide him with the Social Security numbers for 25 – 50 class members to assist him in confirming more accurate addresses because he claims to have been unable to notify these class members of the Settlement via mail, the manner in which the Parties agreed to send both the Court-approved Notice of Settlement and the Court-approved Claim Form to the Class.

The Parties' Settlement Agreement provides that Class Counsel will send both the Notice of Settlement and the Claim Form via mail, and allows Class Counsel to utilize forwarding addresses provided by the U.S. Postal Service to the extent that a mailing is returned to Class Counsel as "undeliverable."  Paragraph 5 of the Order confirms that the Parties' agreed-upon vehicle for notifying the Class of the Settlement provided "[d]ue and adequate notice of the Fairness Hearing and of the proposed Settlement [ ] to the members of the Class who could be identified with reasonable effort.  The form and method of notifying the Class of the Fairness Hearing and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, and

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

March 2, 2011
Page 3

constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons."

Neither the Settlement Agreement, nor the Order, obligates the parties to utilize a class member's Social Security number to confirm his/her current address or even refer to Social Security numbers at all. On behalf of Fidelis, we advised Mr. Romero that if Fidelis were to release sensitive personal identifying information, such as Social Security numbers, of its employees and/or former employees, that would constitute an invasion of the personal privacy of those individuals, and therefore serves as a separate and independent reason why Fidelis has not provided Mr. Romero with the requested Social Security numbers.

On February 28, 2011, Class Counsel mailed the Court-approved Claim Form to the Class. However, in yet another disturbing development, in an email sent to me several days before the mailing, Mr. Romero also sought permission to "establish and maintain a Fidelis Care New York interactive web page on the Internet." Fidelis' position is the same with respect to this further request to implement procedures that are outside the boundaries of the Settlement and the Order. Class Counsel did not propose the implementation of an interactive website during the negotiation of the Settlement, the drafting of the Settlement Agreement, or the drafting of the proposed Order for the Court's approval or at the Fairness Hearing. Rather, Class Counsel is raising this issue more than three months after Mr. Romero sent the Notice of Settlement to the Class and apparently discovered that certain class members no longer live at the last known addresses known to the Parties. Allowing the launch of such a website would permit the world to have access to information regarding the Parties' Settlement, which in comparison, affects only a very limited number of individuals.

In choosing to send the attached postcard to the Class without notice to counsel for Fidelis and without first seeking the Court's permission, Class Counsel has interfered with the Court's broad authority to supervise communications with the Class. We cannot help but note that this late flurry of activity on the part of Class Counsel has come only after the Fairness Hearing at which your Honor held in abeyance approval of Class Counsel's fees until the amount of Settlement proceeds paid to Class Members ultimately is determined.

Given this inappropriate behavior and Mr. Romero's belated requests to change the terms of the Settlement Agreement, Fidelis respectfully urges the Court to issue an Order that prevents Class Counsel from establishing and maintaining the proposed website and from otherwise communicating with the Class without the Court's approval.

Fidelis also reserves the right to request that the Court impose sanctions against Class Counsel for its conduct in sending the unauthorized mailing.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

March 2, 2011
Page 4


On behalf of Fidelis, we thank you in advance for the Court's prompt attention to this matter.

Respectfully submitted,

Jennifer F. DiMarco

Enclosure

cc:     Peter A. Romero, Esq. (courtesy copy via PDF, ECF and First Class Mail)

5330393v.4

# Exhibit A

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

THELMA HIGUEROS, on behalf of herself and as
class representative of all those similarly situated,

                        Plaintiff,

     -against-

NEW YORK STATE CATHOLIC HEALTH PLAN,
INC., d/b/a FIDELIS CARE, INC.,

                        Defendant.

-------------------------------------------------------------X

No. 07 Civ. 0418 (ADS)(ETB)

## ORDER AND FINAL JUDGMENT OF DISMISSAL

        **WHEREAS**, an action entitled *Thelma Higueros, on behalf of herself and as class representative of all those similarly situated v. New York State Catholic Health Plan, Inc., d/b/a Fidelis Care New York*, Index No. 07 Civ. 0418 (ADS) (ETB) (the "Lawsuit") is currently pending before this Court;

        **WHEREAS**, Plaintiffs have made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order approving settlement of the claims alleged in the Lawsuit, in accordance with a Settlement Agreement filed with this Court on July 16, 2010 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit against Defendant and for dismissal of the Lawsuit against Defendant with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits thereto; and

1

**WHEREAS**, all capitalized terms used herein having the meanings as set forth and defined in the Agreement; and

**WHEREAS**, on the 11th day of January, 2011, a hearing having been held before this Court at the United States District Court, Eastern District of New York, U.S. Courthouse, 100 Federal Plaza, Central Islip, New York, to: (a) determine whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; and (b) whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered. The Court having considered all matters submitted to it at the hearing and otherwise;

**IT IS ON THIS** 22nd **DAY OF** _January_ , 2011 HEREBY ORDERED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the Action, Named Plaintiff, all members of the Class, and Fidelis.

2.      On July 21, 2008, this Court issued a Memorandum of Decision and Order granting Plaintiffs' motion for conditional certification and authorizing a notice of a collective action pursuant to 29 U.S.C. §216(b), certifying a class action as to the Plaintiffs' state law claims, and appointing Plaintiffs' counsel as class counsel. The class is defined as "all current and former Sales and Marketing Representatives employed by the Defendant from on or about January 30, 2001 through January 30, 2007." Excluded from the Class are any individuals who requested exclusion from the Class.

3.      The Court hereby approves the Settlement set forth in the Agreement as being fair, just, reasonable, adequate and in the best interests of the Named Plaintiff and the Class as described in the Agreement, provided, however, that such approval does not extend to the fees

2

and expenses to be awarded to Class Counsel, as to which the Court reserves judgment and as more fully addressed in Paragraph 14 hereof.

4.      In compliance with Federal Rule of Civil Procedure 23 and the requirements of due process, on November 10, 2010, Class Counsel mailed the Settlement Notice approved by the Court by first-class mail to the members of the Class.

5.      Due and adequate notice of the Fairness Hearing and of the proposed Settlement was given to the members of the Class who could be identified with reasonable effort. The form and method of notifying the Class of the Fairness Hearing and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.      Due and adequate notice of the proceedings having been provided to the members of the Class, and a full opportunity having been offered to them to participate in the Fairness Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

7.      Except with respect to the fees and expenses to be awarded to Class Counsel, the Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are hereby approved and confirmed as being fair, reasonable, and adequate; the Class Members and the parties to the Agreement are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Agreement; and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Action.

8.     The Complaint is hereby dismissed with prejudice, without costs, except as provided herein and in the Agreement, as against Fidelis.

9.     The plan for allocating the Settlement proceeds, as set forth in the Agreement, is approved as fair and reasonable, and counsel to the parties are directed to administer the Settlement in accordance with its terms and provisions.

10.     Consistent with the Agreement, within twenty-one (21) days after the expiration of the appellate process outlined in Federal Rule of Appellate Procedure 4, following entry of this Order and Final Judgment of Dismissal approving the Settlement, Class Counsel shall mail the Claim Form to all Qualified Class Members, at each Qualified Class Member's last known address.  The Claim form shall be sent by first class mail to the Class Members on the Class List approved by the Parties, and costs of sending the Claim Form shall be paid by Class Counsel.  In addition to providing Fidelis' counsel with copies of the Claim Forms and envelopes returned by the Class and any other required procedures outlined in the Settlement Agreement, Class Counsel shall also provide counsel to Fidelis with copies of the meter-stamped envelopes mailed by Class Counsel to the Class, which indicate the date the Claim Forms were mailed to Qualified Class Members.  At the time that Fidelis provides settlement checks to Qualified Class Members, Fidelis shall also provide information to Class Counsel consistent with the methodology approved by the Court during the Fairness Hearing on January 11, 2011.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Named Plaintiff, on behalf of herself and Class Counsel, and each individual Class Member, for and on behalf of themselves and their respective predecessors, successors and assigns, and all persons acting for them, past or present, are hereby permanently barred and

4

Case 2:07-cv-00418-ADS-ETB   Document 296-3   Filed 03/25/11   Page 11 of 17 PageID #:
3116
Case 2:07-cv-00418-ADS-ETB   Document 292-1   Filed 03/02/11   Page 6 of 7
Case 2:07-cv-00418-ADS-ETB   Document 291   Filed 01/22/11   Page 5 of 6
Case 2:07-cv-00418-ADS-ETB   Document 290   Filed 01/19/11   Page 5 of 6

enjoined from instituting, commencing or prosecuting any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs, penalties or expenses, including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected or claimed from the beginning of time through and including the Effective Date including, without limitation, those arising out of or in any way related to the Lawsuit, that have been or could have been asserted in the Lawsuit by the Class Members or any of them against any of the Released Parties arising out of or in any way relating to the claims advanced by Named Plaintiff in this Lawsuit. "Released Parties" means Fidelis, its current and former parents, subsidiaries and otherwise affiliated entities, and its current, former and interim officers, directors, shareholders, agents, employees, partners, members, accountants, executors, beneficiaries, insurers, reinsurers, attorneys, representatives and other agents, and all of its respective predecessors, successors and assigns, and all persons acting for them, past or present. In accordance with the Agreement, these settled claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings in this Lawsuit and this Order and Final Judgment of Dismissal.

13.     Named Plaintiff and all members of the Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the settled claims. This Court shall retain exclusive continuing jurisdiction to enforce the injunction provided for in this paragraph 13 of this Order and Final Judgment of Dismissal.

14.     In accordance with the Agreement, the FLSA class members who have affirmatively opted in to the FLSA action and submit timely claim forms shall receive an agreed upon settlement award as provided in the Agreement. All Rule 23 class members who submit timely claim forms shall receive a settlement award calculated in accordance with the formula set forth in the Agreement.   Accordingly and consistent with this Court's previous Order dated October 20, 2010, the Court shall consider the fees and expenses to be awarded to Class Counsel once the aggregate settlement award for the Class is determined.

15.     This Order and Final Judgment shall not constitute any evidence or admission by Fidelis or any other person that any acts of negligence or wrongdoing of any nature have been committed and shall not be deemed to create any inference that there is any liability therefor.

16.     No part of the amounts to be paid by Fidelis pursuant to the Agreement constitutes (i) a fine or penalty under any law, or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

17.     Without affecting the finality of this Order and Final Judgment of Dismissal, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Settlement and the terms of this Order and Final Judgment of Dismissal, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Settlement, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment of Dismissal.

_____
United States District Judge

Dated: _____, 2011

5279423v.6

6

# Exhibit B

**IMPORTANT**

YOU ARE ENTITLED TO A SHARE OF THE FIDELIS OVERTIME NEGOTIATED SETTLEMENT

You Will Soon Receive A Claim Form In the Mail you Must Return to us to Receive Money You Are Owed

TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THE CLAIM FORM AS STATED ON THE CLAIM FORM ON THE DATE PROVIDE A RETURN ENVELOPE FOR YOUR CONVENIENCE.

If you do not receive a claim form within thirty (30) days of this notice, please contact counsel for Plaintiffs:

Peter A. Romero, Esq.
Frank & Associates, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400
promero@laborlaws.com

We will redeliver OR you or your agent can pick up your mail at the Post Office. (Bring this form and proper ID. If your agent will pick up, sign below in item 2, and enter agent's name here.)

1. ☐ Check all that apply in:

FLUSHING MAIN POST OFFICE
41-65 MAIN STREET
FLUSHING, NY 11355
PICK-UP TIMES: MON-FRI 8-4 SAT 8:30-5PM
www.usps.com/redelivery or 800-ASK-USPS (275-8777)

**Delivery Section**

2. Sign here to authorize redelivery or to authorize an agent to sign for you.

3. ☐ Redeliver (Enter day of week.)

Signature
X

Printed Name

☐ Leave item at my address

Delivery Address

☐ Refused

**USPS**

PS Form **3849**, September 2009 (Reverse)

5293 0367 5530 2970

