# MINTZ LEVIN

Andrew B. Roth | 212 692 6889 | aroth@mintz.com

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

March 25, 2011

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAR 2 6 2011   ★

LONG ISLAND OFFICE**

**VIA FIRST CLASS MAIL AND ECF**

The Honorable Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

Re: *Higueros v. New York State Catholic Health Plan, Inc. d/b/a Fidelis Care, Inc.*, 07 CV 0418 (ADS)(ETB)

Dear Judge Spatt:

This firm represents defendant New York State Catholic Health Plan, Inc. d/b/a Fidelis Care New York ("Fidelis") in the above-referenced action. On March 8, 2011, the parties appeared before Your Honor regarding Class Counsel's unauthorized interactions and communications with Class members during the settlement notice period. At that hearing, Your Honor denied Class Counsel's request to compel the production of social security numbers of certain Class members, and after further discussion, Class Counsel voluntarily withdrew its request to establish and maintain an "interactive website" about the settlement that it could direct Class members to access. We also raised with Your Honor Class Counsel's sending of an unauthorized notice to the Class in the form of a postcard without Your Honor's approval. In each instance, Class Counsel's actions fell outside of the scope of the parties' settlement agreement and were an effort to override this Court's authority to supervise communications with Class members.

Fidelis has now learned that Class Counsel has engaged in additional improper conduct, including conduct that may be illegal and unethical. Specifically, we have learned that Class Counsel has repeatedly contacted at least one Class member to pressure her into submitting a Settlement Claim Form. Merlene Groome, a former Fidelis employee who did not opt into the collective action, has informed Fidelis' Vice President of Government Relations & Compliance, Robert Fazzolari, that Class Counsel has made several recent attempts to obtain a signed Settlement Claim Form from her, even though she told Class Counsel repeatedly that she did not want to submit the form because she felt that she was not owed any money by Fidelis. Mr. Fazzolari promptly brought this issue to Fidelis' attention, and Fidelis now brings it to the Court's attention.

Ms. Groome complained to Fidelis about the repeated efforts of Class counsel to pressure her into signing and submitting the Settlement Claim Form, and she submitted a letter to Fidelis in this regard. In her letter (attached as Exhibit A), she said that she told Class Counsel that she did not believe Fidelis owed her any overtime, and that she was "not comfortable signing any form." However, Class Counsel still contacted her twice more and told her that she "should still

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON | ISRAEL

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

The Honorable Arthur D. Spatt
March 25, 2011
Page 2

sign and return the form so they could give it to the court." Frustrated by Class Counsel's persistent actions, she turned to Fidelis for assistance.

In submitting a Settlement Claim Form, a Class member must certify that he or she "worked overtime hours and . . . was not paid for the overtime hours . . . worked at a rate of time and one-half (1.5 times) for all hours worked in excess of forty (40) hours each week" (Docket No. 288-2, Ex. C). Accordingly, to the extent that Class Counsel is pressuring Ms. Groome to submit a Settlement Claim Form, even though she insists that Fidelis paid her overtime and that she is not owed any money, Class Counsel's conduct is not only manifestly improper, but it may be illegal as well, as it may constitute the criminal act of suborning perjury.

Further, pressuring a Class member to submit a Claim Form seeking the payment of money that the Class member does not believe she is owed, is highly unethical. *See*, New York Rules of Professional Conduct, 22 N.Y. Comp. Codes R. & Regs. 1200.0, Rule 1.2(a) ("[A] lawyer shall abide by a client's decisions concerning the objectives of representation . . . . A lawyer shall abide by a client decision whether to settle a matter."); Rule 1.2(d) ("A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent . . . ."); Rule 3.1 (prohibiting lawyer from asserting claims that are "unwarranted under existing law"); Rule 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal . . . ."); Rule 3.4(a)(4) ("A lawyer shall not . . . knowingly use perjured testimony or false evidence").

Class Counsel's conduct is even more egregious given the fact that this is not the first time it has had unauthorized/improper communications with the Class. As set forth in our March 2, 2011 letter to Your Honor (attached as Exhibit B), Class Counsel also sent an unauthorized postcard mailing to the Class regarding the settlement that appears to have been sent after Class Counsel mailed the Court-approved Notice of Settlement to the Class and prior to mailing the Court-approved Claim Form to the Class (according to the postmark on the card that was provided to Fidelis, it was sent out on February 9, 2011, which is 19 days before Class Counsel was even authorized to send out the Claim Form to Class members). In addition, we cannot help but note once again that this type of activity has come only after the Fairness Hearing at which Your Honor held in abeyance approval of Class Counsel's fees until the amount of Settlement proceeds paid to Class Members ultimately is determined.

Moreover, the pressuring of Class member Merlene Groome is, at this time, the only example of Class Counsel's improper conduct which has been brought to Fidelis' attention. We cannot help but suspect that this is not the only instance in which Class Counsel is using pressure tactics to cajole Class members into submitting Claim Forms.

In order to participate in the settlement, class members must postmark their claim forms no later than March 30, 2011. Given this deadline and given Class Counsel's continued effort to override the prior orders of this Court limiting Class Counsel's post-settlement communications with the Class, as well as the Court's authority to supervise communications with the Class,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

The Honorable Arthur D. Spatt
March 25, 2011
Page 3

Fidelis respectfully requests that the Court issue an Order on an expedited basis prohibiting Class Counsel from initiating any contact with any Class member without the Court's prior approval, and to the extent the Class member initiates the contact, precluding Class Counsel from pressuring or otherwise attempting to persuade a Class Member to submit a Claim Form. Fidelis also respectfully requests that Your Honor address this inappropriate conduct when the Court revisits the issue of Class Counsel's fee award in this matter, and Fidelis reserves its right to seek additional or further relief from this Court if the circumstances so warrant.

On behalf of Fidelis, we thank you in advance for the Court's prompt attention to this matter.

Respectfully submitted,

Andrew B. Roth

ABR:jad
Enclosure
cc: Peter A. Romero, Esq. (courtesy copy via PDF, ECF and First Class Mail)

5352928v.5

*Requests denied. So Ordered.*

_____
U.S.D.J. Arthur D. Spatt
3/26/11