# FRANK & ASSOCIATES, PC

500 Bi-County Boulevard, Suite 112N, Farmingdale, New York 11735
Tel: (631) 756-0400    Fax: (631) 756-0547
E-mail: nfrank@laborlaws.com
www.laborlaws.com

Neil M. Frank                                                                                       Peter A. Romero

July 8, 2011

**VIA ECF**

Hon. Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 12 2011   ★

LONG ISLAND OFFICE

Re:   *Higueros v. New York State Catholic Health Plan, Inc.* 07 CV 0418 (ADS) (ETB)

Dear Judge Spatt:

We represent Plaintiffs in the above-referenced action. As the Court may recall, the Parties appeared before Your Honor for a status conference on June 24, 2011, in connection with a dispute that developed regarding the implementation of their Class Action Settlement. We are pleased to inform the Court that the Parties have amicably resolved their dispute, thereby obviating the necessity for a hearing regarding their intent with respect to the Settlement Agreement.

Therefore, in order to clarify the Parties' Settlement Agreement and facilitate the distribution of the Individual Settlement Amounts without further delay, the Parties have executed the attached Memorandum of Understanding, which they respectfully submit to the Court to be "So Ordered."

*Respectfully submitted,*

Peter A. Romero

Attach

cc:   Andrew B. Roth, Esq.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THELMA HIGUEROS, on behalf of herself
and as class representative of all those     No. 07 Civ. 0418 (ADS)(ETB)
similarly situated,

               Plaintiff,

  -against-

NEW YORK STATE CATHOLIC HEALTH
PLAN, INC., d/b/a FIDELIS CARE, INC.,

               Defendant.
-----------------------------------------------------------X

## MEMORANDUM OF UNDERSTANDING REGARDING CLARIFICATION OF THE SETTLEMENT AGREEMENT AND RELEASE

This Memorandum of Understanding ("MOU") is entered into by Plaintiff Thelma Higueros, individually and on behalf of all members of the class (the "Plaintiffs"), and Defendant New York State Catholic Health Plan, Inc. d/b/a/ Fidelis Care New York ("Fidelis"), subject to final approval by the Court.

### RECITALS

WHEREAS, on January 22, 2011, the Court entered an Order and Final Judgment of Dismissal which, in part, approved the Settlement Agreement and Release (the "Settlement Agreement") that the Parties signed and submitted to the Court on July 16, 2010 (all capitalized terms used in this MOU and not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement); and

WHEREAS, Section 2.1(A) of the Settlement Agreement states in part that Fidelis will pay each NYS Class Member who submits a timely Claim Form 11 hours of overtime x $23.34 x

the "[number of weeks worked during Fidelis employment within the applicable six (6) year statute of limitations period]"; and

**WHEREAS**, the Parties' Settlement Agreement did not define the term "weeks worked during Fidelis employment"; and

**WHEREAS**, a dispute arose between the Parties regarding the application of the settlement formula set forth in Section 2.1(A) of the Settlement Agreement and the Parties wish to implement that Section in a manner consistent with federal and state law; and

**WHEREAS**, in order to resolve the dispute and move forward with the distribution of the Individual Settlement Amounts and Incentive Awards to be paid under the Settlement Agreement to Qualified Class Members who are either Opt-In Members or NYS Class Members, and who were identified on the Class List as recipients of the Class Notice and who have timely submitted Claim Forms, the Parties have met and conferred, and have confirmed their understanding and definition of the term "weeks worked during Fidelis employment"; and

**WHEREAS**, in order to be able to distribute the Individual Settlement Amounts and Incentive Awards without further delay, the Parties have also reached agreement to resolve a dispute regarding identification of those Qualified Class Members who will receive Individual Settlement Amounts and Incentive Awards.

**NOW THEREFORE**, in consideration of the mutual covenants and promises set forth in this MOU, as well as other good and valuable consideration provided for herein, the Parties agree as follows:

1.  The number of "weeks worked during Fidelis employment" will be pro-rated for any week in which the NYS Class Member did not work a full workweek, in a manner consistent with federal and state law and the calculations shown in the Excel spreadsheet entitled "Final

Weeks Worked Calculation" which was sent by Fidelis to Class Counsel by email dated July 6, 2011 ("Final Weeks Worked Calculation").

2. The pro-rate will operate as follows: "Weeks Worked" shall be defined as the total number of regular and overtime hours ("Worked Hours") identified on the individual's earning statements ÷ 37.5 (full week). Weeks Worked does not include the total number of "Non-Worked Hours" identified on the individual's earning statements. "Non-Worked Hours" shall include but not be limited to vacation/paid time off ("PTO"), holiday, long term illness ("LTI"), bereavement, unproductive hours, jury duty, personal time, and termination vacation payout, as identified on the individual's earnings statements.

3. Each Qualified Class Member who was identified on the Class List as a recipient of the Class Notice and who submitted a timely Claim Form that was provided to Fidelis' Counsel by Class Counsel on April 11, 2011 shall receive an Individual Settlement Amount and, if applicable, an Individual Incentive Award. Qualified Class Members meeting these criteria and their respective Individual Settlement Amounts and, if applicable, Individual Incentive Awards, are in an Excel spreadsheet entitled "Final Payment List" which was sent by Fidelis to Class Counsel by email dated July 6, 2011 ("Final Payment List").

4. It is acknowledged that a dispute has arisen as to whether the following Class Members submitted timely Claim Forms: J. Abreu, G. Cano, C. Foutika, R. Herrera, L. Hill, J. Jimenez, M. Luzon, M. Raysor, Y. Rolon, N. Sanchez, A. Stauber, L. Soto, A. Turman, R. Velez. Notwithstanding this dispute, it is agreed these Qualified Class Members shall receive an Individual Settlement Amount and, if applicable, an Individual Incentive Award, as set forth in the Final Payment List.

5. The information contained in the Final Weeks Worked Calculation is the same as the information contained in the weeks worked calculation previously provided to Class Counsel, except that the Final Weeks Worked Calculation also includes the Class Members listed in paragraph 4 above, except for Opt-In Members C. Foutika, R. Herrera, M. Luzon, and M. Raysor, for whom no calculations are required. The Final Payment List is the same as the payment list previously provided to Class Counsel, except that the Final Payment List also includes all of the Class Members listed in paragraph 4 above.

6. It is explicitly agreed that only Qualified Class Members listed in the Final Payment List shall be entitled to payment of an Individual Settlement Amount, and if applicable, an Individual Incentive Award. No Qualified Class Member shall be entitled to any payment other than as set forth in the Final Payment List and Class Counsel will not seek payment for any Qualified Class Member other than as set forth in the Final Payment List.

7. Based upon the foregoing, the Parties have agreed that the Qualified Class Member Payment Distribution Date shall be no later than ten (10) business days of the Court's approval of this MOU. For any payment to a Qualified Class Member listed in the Final Payment List that is subsequently returned to Fidelis as undeliverable or that does not reach a Qualified Class Member at the address set forth in the Final Payment List, the Parties will make a reasonable effort to confirm the correct address for the Qualified Class Member and Fidelis will re-mail the payment.

8. The Parties expressly acknowledge and agree that nothing contained in this MOU is intended to amend or modify the Settlement Agreement, which the Court has already approved. The Parties expressly acknowledge and agree that the purpose of this MOU is to (i) clarify the Parties' Settlement Agreement; (ii) provide accurate Individual Settlement Amounts

4

and Incentive Awards to Qualified Class Members who have submitted timely Claim Forms; and (iii) facilitate the expeditious distribution of the Individual Settlement Amounts and Incentive Awards.

9. The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this MOU and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this MOU.

10. This MOU constitutes the entire agreement between the Parties with regard to the disputes described herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this MOU.

11. No waiver, modification or amendments of the terms of this MOU, whether purportedly made before or after the Court's approval of this MOU, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

12. This MOU shall become effective upon its execution. The Parties may execute this MOU in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. A party may execute this MOU by causing its Counsel to sign on the designated signature block below and transmitting the signature page via facsimile or email in PDF format to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this MOU shall be deemed an original signature for purposes of this MOU and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

AGREED TO ON BEHALF OF DEFENDANT

MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO, P.C.

By: _____  July 8, 2011
Andrew B. Roth, Esq.           Dated
e-mail: aroth@mintz.com
The Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000
fax (212) 983-3115

AGREED TO ON BEHALF OF PLAINTIFFS
FRANK & ASSOCIATES, P.C.

By: _____  July 8, 2011
Peter A. Romero, Esq.          Dated
e-mail: promero@laborlaws.com
Frank & Associates, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400
Fax (631) 756-0547

SO ORDERED.

_____
U.S.D.J. Arthur D. Spatt

7/12/11

6